1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   GLORIA GRENING WOLK,          )
                                   )
12            Plaintiff(s),        )      No. C 06-5025 BZ
                                   )
13       v.                        )      **ORDER SCHEDULING JURY TRIAL**
                                   )      **AND PRETRIAL MATTERS**
14   PHILIP R. GREEN,              )
                                   )
15            Defendant(s).        )
                                   )
16   _____)

17       Following the Case Management Conference, **IT IS HEREBY**

18   **ORDERED** that:

19   1.   <u>DATES</u>

20   Trial Date: **Monday, 3/3/2008, 5 days**

21   Pretrial Conference: **Tuesday, 1/29/2008, 4:00 p.m.**

22   Last Day to Hear Dispositive Motions: **Wednesday, 10/31/2007**

23   Last Day for Expert Discovery: **Friday, 9/21/2007**

24   Last Day for Expert Disclosure: **Friday, 9/14/2007**

25   Close of Non-expert Discovery: **Friday, 10/05/2007**

26   2.   <u>DISCLOSURE AND DISCOVERY</u>

27       The parties are reminded that a failure to voluntarily

28   disclose information pursuant to Federal Rule of Civil

1   Procedure 26(a) or to supplement disclosures or discovery
2   responses pursuant to Rule 26(e) may result in exclusionary
3   sanctions.  Thirty days prior to the close of non-expert
4   discovery, lead counsel for each party shall serve and file a
5   certification that all supplementation has been completed.

6   In the event a discovery dispute arises, **lead counsel** for
7   each party shall meet in person or, if counsel are outside the
8   Bay Area, by telephone and make a good faith effort to resolve
9   their dispute.  Exchanging letters or telephone messages about
10  the dispute is insufficient.  The Court does not read
11  subsequent positioning letters; parties shall instead make a
12  contemporaneous record of their meeting using a tape recorder
13  or a court reporter.

14  In the event they cannot resolve their dispute, the
15  parties must participate in a telephone conference with the
16  Court **before** filing any discovery motions or other papers.
17  The party seeking discovery shall request a conference in a
18  letter served on all parties not exceeding two pages (with no
19  attachments) which briefly explains the nature of the action
20  and the issues in dispute.  Other parties shall reply in
21  similar fashion within two days of receiving the letter
22  requesting the conference.  The Court will contact the parties
23  to schedule the conference.

24  3.   <u>MOTIONS</u>

25  Consult Civil Local Rules 7-1 through 7-5 and this
26  Court's standing orders regarding motion practice.  Motions
27  for **summary judgment** shall be accompanied by a statement of
28  the material facts not in dispute supported by citations to

1  admissible evidence.  The parties shall file a joint statement

2  of undisputed facts where possible.  If the parties are unable

3  to reach complete agreement after meeting and conferring, they

4  shall file a joint statement of the undisputed facts about

5  which they do agree.  Any party may then file a separate

6  statement of the additional facts that the party contends are

7  undisputed.  A party who without substantial justification

8  contends that a fact is in dispute is subject to sanctions.

9      If plaintiff decides to proceed with this case without an

10  attorney, she may wish to consult a manual the Court has

11  adopted to assist *pro se* litigants in presenting their case.

12  This manual is available in the Clerk's Office and online at

13  **http://www.cand.uscourts.gov**.

14      Plaintiff is advised that "[a] motion for summary

15  judgment under Rule 56 of the Federal Rules of Civil Procedure

16  will, if granted, end your case.  Rule 56 tells you what you

17  must do in order to oppose a motion for summary judgment.

18  Generally, summary judgment must be granted when there is no

19  genuine issue of material fact--that is, if there is no real

20  dispute about any fact that would affect the result of your

21  case, the party who asked for summary judgment is entitled to

22  judgment as a matter of law, which will end your case.  When a

23  party you are suing makes a motion for summary judgment that

24  is properly supported by declarations (or other sworn

25  testimony), you cannot simply rely on what your complaint

26  says.  Instead, you must set out specific facts in

27  declarations, depositions, answers to interrogatories, or

28  authenticated documents, as provided in Rule 56(e), that

3

contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial." <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998).

A Chambers copy of all briefs shall be submitted on a diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13 (Windows), or may be e-mailed to the following address: bzpo@cand.uscourts.gov.

4.   <u>SETTLEMENT</u>

This case has been referred for assignment to a Magistrate Judge to conduct a settlement conference in November or December 2007.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

5.   <u>PRETRIAL CONFERENCE</u>

Not less than thirty days prior to the date of the pretrial conference, the parties shall meet and take all steps necessary to fulfill the requirements of this Order.

Not less than twenty days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, <u>Daubert</u> motions, motions <u>in limine</u>, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line

references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one extra set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders. Each exhibit shall  be marked with an exhibit label as contained in **Attachment 2**.  The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits.  All Daubert motions, motions in limine, and objections will be heard at the pretrial conference.  Not less than ten days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness.  Daubert motions and motion in limine shall be filed and served not less than twenty days prior to the conference.  Oppositions shall be filed and served not less than ten days prior to the conference.  There shall be no replies.

Not less than twenty days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict.  The

following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (1997 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3.  Do not submit a copy of these instructions.  Counsel shall submit a joint set of case specific instructions.  Any instructions on which the parties cannot agree may be submitted separately.  The Ninth Circuit Manual should be used where possible.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based.  Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source.  Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated. In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order.  Not less than ten days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

Jury instructions that the Court has given in prior cases may be downloaded from the Northern District website at **http:\\www.cand.uscourts.gov**.  (Instructions are located on the "Judge Information" page for Magistrate Judge Zimmerman.) The Court will generally give the same instructions in cases involving similar claims unless a party establishes, with supporting authorities, that the instruction is no longer correct or that a different instruction should be given.  CACI instructions generally will be given instead of BAJI instructions.

1      All proposed jury instructions, <u>Daubert</u> motions, motions

2 <u>in limine</u>, forms of verdict and trial briefs shall be

3 accompanied by a floppy diskette containing a copy of the

4 document formatted in WordPerfect 6.1, 8, 9, 10 or 13

5 (Windows), or may be e-mailed to the following address:

6 bzpo@cand.uscourts.gov.

7      At the time of filing the original with the Clerk's

8 Office, two copies of all documents (but only one copy of the

9 exhibits) shall be delivered directly to Chambers (Room 15-

10 6688).  Chambers' copies of all pretrial documents shall be

11 three-hole punched at the side, suitable for insertion into

12 standard, three-ring binders.

13 Dated: June 7, 2007

14

15                                  _____

16                                Bernard Zimmerman
                       United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____

_____'s Proposed Instruction No. \_\_\_\_\_.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED    _____ GIVEN AS MODIFIED

<u>**ATTACHMENT 1**</u>

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)  Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)  Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)  Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)  Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)  Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)  Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

(A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

(B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

(C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

(D)  Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

(A)  Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)  Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

(C)  Bifurcation, Separate Trial of Issues. A statement of whether

1                         bifurcation or a separate trial
                          of specific issues is feasible
2                         and desired.

3        (5) **Miscellaneous.**

4        Any other subjects relevant to the trial of the action,
   or material to its just, speedy and inexpensive determination.
5

1

**ATTACHMENT 2**

2     **USDC**                                   **USDC**
     Case No. CV06-05025 BZ                 Case No. CV06-05025 BZ

3     **JOINT** Exhibit No._____          **JOINT** Exhibit No. _____
     Date Entered _____        Date Entered      _____

4

5     Signature _____           Signature _____

6     ═══════════════════════════════════════

7     **USDC**                                     **USDC**
     Case No. CV06-05025 BZ                 Case No.  CV06-05025 BZ

8     **JOINT** Exhibit No. _____      **JOINT** Exhibit No. _____
     Date Entered _____        Date Entered _____

9     Signature _____           Signature _____

10     ═══════════════════════════════════════

11     **USDC**                                     **USDC**
     Case No.  CV06-05025 BZ                Case No. CV06-05025 BZ

12     **PLNTF** Exhibit No. _____     **PLNTF** Exhibit No. _____
     Date Entered _____        Date Entered _____

13

14     Signature _____           Signature _____

15     ═══════════════════════════════════════

16     **USDC**                                     **USDC**
     Case No. CV06-05025 BZ                 Case No. CV06-05025 BZ

17     **PLNTF** Exhibit No. _____     **PLNTF** Exhibit No. _____
     Date Entered _____        Date Entered _____

18     Signature _____           Signature _____

19

20     ═══════════════════════════════════════
     **USDC**                                     **USDC**
     Case No. CV06-05025 BZ                 Case No. CV06-05025 BZ

21     **DEFT** Exhibit No. _____      **DEFT** Exhibit No. _____
     Date Entered _____        Date Entered _____

22

23     Signature _____           Signature _____

24     ═══════════════════════════════════════

25     **USDC**                                     **USDC**
     Case No. CV06-05025 BZ                 Case No. CV06-05025 BZ

26     **DEFT** Exhibit No. _____      **DEFT** Exhibit No. _____
     Date Entered _____        Date Entered _____

27     Signature _____           Signature _____

28     ═══════════════════════════════════════