Timothy J. Halloran - 104498
Summer M. Smith - 214251
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Defendant
PHILIP R. GREEN AND THE LAW OFFICES OF GREEN & GREEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF USDC CALIFORNIA

GLORIA GRENING WOLK,

Plaintiff,

v.

PHILIP R. GREEN, DOES 1-X,

Defendants.

Case No.: 4:06-cv-05025-BZ

**DEFENDANT PHILIP R. GREEN'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) / MOTION TO STRIKE PURSUANT TO FRCP 12(F)**

**Date:** **January 9, 2008**
**Time:** **10:00 am**
**Crtm:** **G**

**Honorable Bernard Zimmerman**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 2

II. PROCEDURAL HISTORY ..... 3

III. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ..... 4

IV. STATEMENT OF FACTS ..... 4

V. MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) ..... 5

IV. MEMORANDUM OF POINTS AND AUTHORITIES ..... 6

A. Authority for Motion to Dismiss Pursuant to FRCP 12(b)(6) ..... 6

B. In Cases Based on Diversity Jurisdiction, Federal Courts Apply the Law of the Forum State ..... 6

C. Plaintiff's Claims All Sound in Legal Malpractice and Must Be Dismissed as Time Barred ..... 6

1. All of Plaintiffs Causes of Action Arise from the Attorney Client Relationship and Sound in Legal Malpractice ..... 8

D. Plaintiff's Causes of Action Must Also be Dismissed as they Fail to State Claim for Relief ..... 9

1. Plaintiff Cannot Satisfy the Amount in Controversy Requirement to Maintain this Action ..... 9

2. Plaintiff's Cause of Action for Legal Malpractice, In Addition to Being Time Barred Fails to State a Claim ..... 9

3. Plaintiff's Cause of Action for Extortion Also Fails to State a Claim ..... 10

4. The Cause of Action For Misrepresentation Fails ..... 10

5. Plaintiff Has Not Stated a Claim for Breach of Fiduciary Duty ..... 10

6. No Cause of Action for Willful Misconduct Has Been Stated ..... 11

7. Breach of Contract is Not a Separate Cause of Action Distinct from Legal Malpractice in this Instance ..... 11

8. Plaintiff Has Failed to State a Claim for Negligent Infliction of Emotional Distress ..... 12

9. Plaintiff's Cause of Action For Negligent Infliction of Emotional Distress Does Not State A Claim ..... 12

10. Plaintiff has Not and Cannot State a Claim for Elder Fraud Abuse ..... 12

11. Plaintiff Has Failed to Establish Unjust Enrichment to State a Claim in this Regard ..... 13

E. MOTION TO STRIKE PURSUANT TO FRCP 12(f) ..... 13

**TABLE OF CONTENTS**
(continued)

**Page**

1. Plaintiff's Request for Injunctive Relief Must Be Stricken From the Prayer of the Complaint, As Well as the Prayer for Attorney's Fees ................ 13

2. Consequential Damages As Sought By Plaintiff Exceed Those Even Potentially Allowed For Based on the Claims Made ........................................ 14

# TABLE OF AUTHORITIES

Page

## Cases

Adams v. Paul
(1995) 11 Cal.4th 583, 589 .......... 14

Brennan v. Lermer Corp.
626 F.Supp. 926, 929. (N.D. Cal. 1986) .......... 6

Budd v. Nixen
(1971) 6 Cal.3d 195, 200 .......... 14

Bureerong v. Uvawas
922 F.Supp. 1450, 1479, fn. 34(C.D. Cal. 1996) .......... 13, 14

Colapinto v. County of Riverside
(1991) 230 Cal.App.3d 147, 151 .......... 8

Girard v. Ball
(1981) 125 Cal.App. 3d 772, 783 .......... 10

Gurkewitz v. Haberman
(1982) 137 Cal.App.3d 328, 334 .......... 7

Jackson v. Johnson
(1992) 5 Cal.App. 4th 1350, 1354-1355 .......... 14

Kracht v. Perrin, Gartland & Doyle
(1990) 219 Cal.App.3d 1019, 1022 .......... 8, 9

Kravitz v. Superior Court
(2001) 91 Cal.App. 4th 1015 .......... 13

McDaniel v. Gile
(1991) 230 Cal.App. 3d 363, 372-373 .......... 12

Ragan v. Merchants Transfer and Warehouse Co.
337 U.S 530, 533-534 .......... 6

Reuther v. Viall
(1965) 2 Cal.2d 470, 475 .......... 11

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz
(1976) 57 Cal.App. 3d 104, 112 .......... 13

**TABLE OF CONTENTS**
(continued)

**Page**

Shapero v. Fliegel
(1987)191 Cal.App.3d 848, 849 ........ 7

Smith v. Superior Court of Orange County
(1992)10 Cal.App. 4th 1033, 1040 ........ 12

Unger v. Nat'l Residents Matching Program
928 F.2d 1392, 1395 (3d Cir. 1991) ........ 6

Watson v. Los Altos School District
(1957)149 Cal.App. 2d 768, 771 ........ 8

**Statutes**

California Code of Civil Procedure section 340.6 ........ 4, 5, 6, 8

Code of Civil Procedure section 1021 ........ 13

Code of Civil Procedure section 430.70 ........ 8

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 2, 3, 5, 6

Federal Rule of Civil Procedure 12(f) ........ 2, 3, 13

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2008 at 1:00 p.m. or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant PHILIP R. GREEN (hereinafter "GREEN") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing this action on the ground that the Second Amended Complaint and each of the causes of action delineated therein is barred by the applicable statute of limitation. Further, the action is appropriately dismissed based on the failure of each of the causes of action to state a claim for relief. Additionally, Plaintiff has failed to state a proper basis for federal jurisdiction as the amount in controversy requirement has not been met. Further, this Defendant, pursuant to Federal Rule of Civil Procedure 12(f), moves for an Order dismissing this action on the ground that Plaintiff seeks relief unavailable as a matter of law. The prayer in this regard is requested to be stricken in its entirety.

This Renewed Motion to Dismiss is based upon the attached Memorandum of Points and Authorities, and upon all papers, records and pleadings on file herein, and such further oral and/or documentary evidence as may be presented at the time of the hearing of this Motion to Dismiss.

Dated: July 5, 2007

MURPHY, PEARSON, BRADLEY & FEENEY

By [signature]
Summer M. Smith
Attorneys for Defendant
PHILIP R. GREEN AND THE LAW OFFICES OF GREEN & GREEN

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PHILIP R. GREEN'S RENEWED MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(f)**

## I. INTRODUCTION

Plaintiff Gloria Wolk filed a Complaint on August 21, 2006 against Phillip Green setting forth causes of action for legal malpractice, extortion, misrepresentation, breach of fiduciary duty, willful misconduct, breach of contract, negligent infliction of emotional distress, intentional infliction of

emotional distress, elder fraud abuse, and unjust enrichment. Each of these causes of action are premised on Green's representation of Wolk in an underlying action wherein she was sued for defamation based on postings she made on an internet website. Wolk's allegations, while inaccurate and false in many regards, are barred by a valid defense, the statute of limitations, allowing this action to be curtailed at its outset. Each of the causes of action additionally fails to state a claim.

## II. PROCEDURAL HISTORY

On January 3, 2007, Defendant Philip Green filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) / Motion to Strike Pursuant to FRCP 12(f). On January 11, 2007, Plaintiff Wolk filed her First Amended Complaint for Legal Malpractice, Extortion, Misrepresentation, Willful Misconduct, Elder Fraud, Infliction of Emotional Distress, and Unjust Enrichment. This Complaint was identified as "Proposed" and named a new party requiring leave of court to make such an amendment. Leave of court was not obtained or requested at that time. Because of this, Defendant did not plead in response to the prior proposed amended complaint. Likewise, the party that was additionally named in the previous amended complaint was not served.

On February 5, 2007, Plaintiff filed her Opposition to Defendant's Motion to Dismiss. On February 16, 2007, Defendant filed a Reply Brief in Support of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6). Thereafter Plaintiff filed a surreply in which at page 3, lines 22-25 she makes a judicial admission that her action was filed two days outside the statutory period.

On March 1, 2007, The Honorable Sandra Brown Armstrong of the U.S. District Court, Northern District of California, Ordered that Defendant's Motion to Dismiss, scheduled for hearing on March 6, 2007, be taken under submission. On April 26, 2007, Judge Armstrong Ordered that the instant case be referred for assignment to a United States Magistrate Judge, and on April 27, 2007 the case was assigned to The Honorable Bernard Zimmerman. A case status conference was held on June 4, 2007. At that time Gloria Wolk again expressed interest in filing an amended complaint. It was discussed that she should prepare an amended complaint if she so wished and provide it to opposing counsel to see if it would be stipulated to. In advance of these potential happenings, on June 6, 2007, Judge Zimmerman issued an order granting Plaintiff's oral motion to file a second amended

Complaint, which Plaintiff filed on June 18, 2007. This renewed motion to dismiss follows.

## III. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Plaintiff's January 11, 2007 First Amended Complaint is nearly identical to Plaintiff's Original Complaint. Although a few additional details are provided, none alter the substantial content of Plaintiffs' initial pleading, this newest complaint still alleges the same nine causes of action, all of which stem from Defendant's representation of Plaintiff in an underlying action wherein she was sued for defamation based on postings she made on an internet website. Plaintiff's February 5, 2007 Opposition to Defendant's Motion to Dismiss, and related surreply makes irrelevant argument and admits that she failed to file within the statutory period to file such an action. Code of Civil Procedure section 340.6 is not a discretionary statute. Thus Defendant now submits his Renewed Motion to Dismiss Plaintiff's First Amended Complaint in its entirety as no new facts have been provided other than those which attempt to plead around the effects of the motion to dismiss making the Second Amended Complaint effectively a sham pleading.

## IV. STATEMENT OF FACTS

Wolk has styled herself a consumer advocate seeking to protect the public from fraud in the viatical and life settlement industries. Following the enactment of statutory protections in this area, Wolk began a website focusing on selling her books on this topic and warning the public of fraud that can occur in the viatical settlement industry. In what came to be at issue in underlying litigation, on at least one occasion she posted the name of a viatical brokerage, the Plaintiff in the underlying action, accusing it of unethical conduct. It was this act of posting unfavorable things on her website that formed the basis of a defamation suit by Scott Wilbanks.

Wolk had a series of lawyers over the course of the underlying defamation action, Wilbanks v. Wolk. In fact four attorneys represented Wolk in advance of her retaining Phillip Green. She also was in pro per on occasion. In fact, Green was retained on the eve of a previously set trial date approximately a month away. Despite preset travel plans, Green agreed to take on the case. At the time he inherited the matter, previous counsel had taken no depositions and discovery cutoffs had passed. Green nonetheless dealt with difficult opposing counsel and was able to take some depositions in preparation for trial. He was also successful in getting a trial continuance of the matter.

The case proceeded to a Mandatory Settlement Conference at which time Plaintiff initially stated that she was not interested in settlement. At the settlement conference Judge Balatti was instrumental in getting Plaintiff to face the realities of her case as one she would likely not win, a fact she had also been advised of by Green. Ultimately the parties settled for in effect a "walk away". Wolk paid nothing on a case with a Complaint seeking over $1M in exchange for "unposting" the comments about the Plaintiff alleged as defamatory.

Following settlement, a dismissal of the defamation action was filed on August 19, 2005. After this time, Philip Green did not represent Plaintiff Gloria Wolk as the scope of the representation had ended. This instant action was not filed within one year of the underlying representation as required, but rather was not filed until August 21, 2006, outside the applicable statute of limitations.

Wolk's action for legal malpractice is without merit in any event, but at the outset is barred by the applicable statute of limitations. On this basis Defendant Philip R. Green again moves to dismiss pursuant to F.R.C.P. 12(b)(6).

## V. MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

Plaintiff's claims all sound in legal malpractice and are time barred.

The causes of action for legal malpractice, extortion, misrepresentation, breach of fiduciary duty, willful misconduct, breach of contract, negligent infliction of emotional distress, intentional infliction of emotional distress, elder fraud abuse, and unjust enrichment are all governed by the applicable statute of limitation codified in California Code of Civil Procedure section 340.6. In any event and independent of the statute of limitations issue each of Plaintiffs causes of action as set forth fail to state a claim and are properly dismissed on that basis.

Plaintiff has further failed to state a cause of action for extortion.

Plaintiff has failed to state a cause of action for misrepresentation.

Plaintiff has failed to state a cause of action for breach of fiduciary duty.

Plaintiff has failed to state a cause of action for willful misconduct.

Plaintiff has failed to state a cause of action for breach of contract.

Plaintiff has failed to state a cause of action for negligent infliction of emotional distress.

Plaintiff has failed to state a cause of action for intentional infliction of emotional distress.

Plaintiff has failed to state a cause of action for elder fraud abuse.

Plaintiff has failed to state a cause of action for unjust enrichment.

1. Diversity jurisdiction should be declined based on this Court's discretion, as Plaintiff has failed to assert damages meeting the jurisdictional minimum or otherwise. Likewise there is no federal question or statute at issue to confer a jurisdictional basis.

## VI. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Authority for Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)

A district court may properly dismiss all claims without leave to amend pursuant to FRCP §12(b)(6) where "it is clear that no relief could be granted under any set of facts that could be proved" Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1395 (3d Cir. 1991).

### B. In Cases Based on Diversity Jurisdiction, Federal Courts Apply Law of the Forum State

In diversity cases, federal courts apply the statute of limitations of the forum state. Brennan v. Lermer Corp., 626 F.Supp. 926, 929. (N.D. Cal. 1986). It is clear that in civil cases, the statute of limitations is substantive law. Ragan v. Merchants Transfer and Warehouse Co. 337 U.S 530, 533-534.

Additionally, Plaintiff's causes of action for legal malpractice, extortion, misrepresentation, breach of fiduciary duty, willful misconduct, breach of contract, negligent infliction of emotional distress, intentional infliction of emotional distress, elder fraud abuse, and unjust enrichment are state law claims governed by the applicable law for each in California.

### C. Plaintiff's Claims All Sound in Legal Malpractice and Must Be Dismissed as Time Barred

California Code of Civil Procedure section 340.6 provides the applicable statute of limitations within which an action for legal malpractice must be filed. Code of Civil Procedure section 340.6 provides in relevant part:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year of when the Plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission.......

Here everything complained of by Plaintiff, even if were later established to be true, occurred within the Court of the underlying action and before the dismissal and end of the attorney client relationship which occurred on August 19, 2005, more than one year before this instant action was

filed. See Request For Dismissal attached to request for Judicial Notice as Exhibit "A". This instant action was filed on August 21, 2006 though not served until some 4 months later on December 12, 2006. See proof of service of Complaint attached to the Request for Judicial Notice as Exhibit "B".

In her February 5, 2007 Opposition to Defendant's Motion to Dismiss, Plaintiff refers to a single billing statement which shows that a copy of a signature page had been circulated by email after the settlement agreement was finalized. Plaintiff's submission of one billing statement is not a document as to which judicial notice can be taken, and it does not obviate the statute of limitations defense. This ministerial task does not show a continuation of the attorney client relationship or that substantive tasks related to accomplishing the purposes and objectives of the representation were still ongoing. Rather it shows nothing more than the forwarding of a copy of a document. This same email might be received today if the client was to ask for another copy of the signature page and would not establish continuation of the attorney client relationship for the purposes of the statute of limitations. The mere fact that there is some contact between attorney and client does not amount to continuous representation for the purpose of tolling the statute of limitations. A few inconclusive communications between an attorney and client provides an insufficient basis for finding a continuing attorney client relationship for the purposes of tolling the statute of limitations. Shapero v. Fliegel (1987) 191 Cal.App.3d 848, 849; Gurkewitz v. Haberman (1982) 137 Cal.App.3d 328, 334. This billing statement submitted as Plaintiff's best argument of the continuation of the attorney client relationship fails to support the same for the purposes of defeating a defense of the statute of limitations.

Plaintiff also states in her Second Amended Complaint at page 1 lines 14-17 that "Dismissal of the underlying lawsuit was filed on August 19, 2005 but Defendant continued to represent the Plaintiff in regard to significant settlement terms through September 15." This bare inaccurate statement amounts to nothing more than an attempt (after tipped off to the law that the lone ministerial act Plaintiff previously asserted by Plaintiff, that of providing her an additional copy of the settlement agreement) to toll the statute of limitations and to plead around the effects of the motion to dismiss. Notably, there was never a second settlement agreement, any revision to the terms of the settlement agreement, or any other billing statements to this effect, work of a ministerial nature or otherwise for Plaintiff to point to in her amended complaint that she has not previously in her attempt to defeat the

statute of limitations defense. A Plaintiff may not avoid a demurrer by pleading facts or positions in an amended complaint that contradict the facts pleaded in the original complaint or by suppressing facts which prove the pleaded facts false. Colapinto v. County of Riverside (1991) 230 Cal.App. 3d 147, 151. When Plaintiff pleads inconsistently, the Plaintiffs complaint is nothing more than a sham that seeks to avoid the effect of a demurrer. The principle is that of truthful pleading. Watson v. Los Altos School Dist. (1957) 149 Cal.App. 2d 768, 771. Under such circumstances the court will disregard the falsely pleaded facts and affirm the demurrer.

Here Plaintiff already admitted that the case was dismissed after a settlement more than a year before she filed the instant action, and that the last activity she was able to try to muster consisted of nothing more than mailing another copy of a document, a ministerial act. Now when aware of the statute of limitation defense, Plaintiff has tried to claim substantial work was performed. Nothing in the record or reality supports this claim. Plaintiff already admitted in her surreply that this action was not timely filed! Both trial and appellate courts may properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case and other cases. Evid. Code §452; Code of Civil Proc., § 430.70. Colapinto v. County of Riverside , supra.

For the abovementioned reasons, this action is therefore time barred based on the provisions of Code of Civil Procedure section 340.6.

**1. All of Plaintiffs Causes of Action Arise from the Attorney Client Relationship and Sound in Legal Malpractice**

In this case, all nine of the causes of action in the Plaintiff's Amended Complaint allege only one type of injury and thus only one primary right; specifically, that Green was in effect slow in filing a substitution of attorney, required payment including a retainer to get started on working up the case which was nearing trial at the time he became involved and filed an untimely motion to compel as to a deposition. Plaintiff also alleges that Green said he would not represent her if she did not pay for his services, and that payment caused her distress.

It is irrelevant that Plaintiff has pled her injury under several different theories: "Where the injury is suffered by reason of an attorney's professional negligence, the gravamen of the claim is legal malpractice, regardless of whether it is pled in tort or contract." Kracht v. Perrin, Gartland & Doyle

(1990) 219 Cal.App.3d 1019, 1022. Here all of Plaintiff's causes of action are premised on the same facts and sound in legal malpractice. They are also all governed by the one year statute of limitation within which an action for legal malpractice must be filed. All of the claims must be dismissed as Plaintiff failed to file this action within one year of when she knew of the facts on which she now bases this action for malpractice. None of the factors allowing for any tolling of the statute are present. This action is time barred based on it not being filed by or before August 18, 2006.

**D. Plaintiff's Causes of Action Must Also be Dismissed as they Fail to State Claim for Relief**

**1. Plaintiff Cannot Satisfy Amount in Controversy Requirement to Maintain this Action**

At the outset, to maintain diversity jurisdiction, a party must assert both diversity of the parties, and that the amount in controversy exceeds $75,000.

Diversity of the parties is now present based on Plaintiff having moved since the time of the representation by Green. However, all that has been alleged with respect to a claim of damage is that Plaintiff was informed that Green's handling of the case might reach $40,000 and that Wolk agreed to this! *See* Complaint at page 4 paragraph 16. Even if Plaintiff is asserting that the outcome of the case in having it dismissed, when she paid nothing in settlement to Wilbanks somehow was less than beneficial to her in support of her current allegations, she has not alleged as required that any damages have been incurred other than for payment of legal services or that such payment exceeded the estimate, which it did not. Plaintiff has also asserted that she is seeking compensation in excess of $75,000, but not that this is an amount in controversy or that she has been damaged in this sum. Plaintiff may not make an unsupported prayer for relief to create diversity jurisdiction.

**2. Plaintiff's Cause of Action for Legal Malpractice, In Addition to Being Time Barred Fails to State a Claim**

Plaintiff bases her cause of action for legal malpractice on what she asserts was Green's failure to file a substitution of attorney. However Green did file such a substitution of attorney and protected Wolk's interests in the interim of this occurrence. See Substitution of Attorney filed July 12, 2005. Plaintiff's claim is specifically contradicted, most notably, she cannot establish that she was damaged based on what she alleges as malpractice. Plaintiff knew that the discovery cut-off had past when she retained Green despite the fact that no discovery had been conducted by prior counsel. Green's efforts

were successful in garnering some discovery which cannot be claimed as damage.

**3. Plaintiff's Cause of Action for Extortion Also Fails to State a Claim**

Attorneys are entitled to be compensated for their services. Plaintiff's allegations even if assumed true for the purposes of this motion do not support a cause of action for extortion. All that Plaintiff has alleged as constituting extortion is requiring payment to continue rendering services. Plaintiff now seeks to turn this contractual requirement to be paid for services which is standard and she agreed to, into extortion for the purposes of filing suit. Plaintiff has not shown any facts other than that she was billed for services and paid them without making complaint in the relevant time period to have made such an objection.

**4. The Cause of Action For Misrepresentation Fails**

To state a cause of action for misrepresentation, a Plaintiff must allege that a misrepresentation was made, that there was knowledge of the representations falsity, that there was intent to make a misrepresentation, justifiable reliance, and resulting damage. *See* Girard v. Ball (1981) 125 Cal.App. 3d 772, 783.

Here, Plaintiff has failed to state a claim for misrepresentation. Each of Plaintiff's allegations in support of this cause of action are the same as that in support of her cause of action for negligence, or legal malpractice, being that Green was slow in filing a substitution of attorney and that he did not have the knowledge or time to handle the matter. Notably, Plaintiff pleads in her complaint that the substitution was filed on August 12, 2005, rather than on July 12, 2005 as demonstrated in the concurrent request for judicial notice filed herewith. Plaintiff has not and cannot plead that there was any misrepresentation at the outset. Additionally, she has not and cannot plead reliance as she was informed at the outset that a motion for a continuance was going to be sought based on the proximity of the action to trial, and pre-scheduled vacation plans of Green at the time he agreed to take the case. Plaintiff has not and cannot support maintenance of this cause of action. Leave to amend will not allow this defect to be cured.

**5. Plaintiff Has Not Stated a Claim for Breach of Fiduciary Duty**

This cause of action also is duplicative of the cause of action for legal malpractice. Plaintiff has plead nothing more than at best negligence in reliance on the same facts. Plaintiff has failed to

plead anything more in support of this cause of action than, again, what she claims was a delay in filing the substitution of attorney form, charging Plaintiff for legal services, and him not paying for expert witnesses. However, the very contract for legal services entered into at an arms length transaction at that time called for Plaintiff being responsible for expert costs, as is standard. As previously set forth, the substitution of attorney form was filed, sooner than represented by Plaintiff and cannot support any claim of damage in any event. Plaintiff has failed to state a claim for breach of fiduciary duty, and cannot amend to do so.

**6. No Cause of Action for Willful Misconduct Has Been Stated**

By Plaintiff's own pleading admission, willful misconduct required intentional wrongful conduct done with knowledge that serious injury will result or with wanton and reckless disregard of the possible result. *See* Reuther v. Viall (1965) 2 Cal.2d 470, 475. The case law cited is in the context of guest statutes, as noted, and involved known perils and likely injuries. This cause of action is inapplicable to the facts at hand and is not supported in its maintenance by the facts Plaintiff pleads in support. Oddly, Plaintiff seems to be asserting facts as to emotional distress, also not appropriately plead in a case based on economic claims of harm only as further discussed herein in connection with Plaintiff's causes of action for infliction of emotional distress.

In any event, Plaintiff has failed to allege facts as to intentional wrongful conduct by Green that was done with knowledge that serious injury would result to her or with wanton and reckless disregard of the possibility of this. Even considering the total course of conduct as Plaintiff sets forth is the relevant inquiry, no facts have been plead of intentionally wrongful conduct undertaking with the purpose of damaging her. In fact, Plaintiff suffered no damage, but rather got the best possible result as a defendant! This case of action must be dismissed based on the failure to state a claim for relief.

**7. Breach of Contract is Not a Separate Cause of Action Distinct from Legal Malpractice in this Instance**

Not only has Plaintiff failed to plead the terms or intendment of the contract of which she referenced to be able to determine the existence of any breach thereof, in fact there is not cause of action separate and distinct of the general claim for legal malpractice. No causation has been referenced and only bare claim of damage again not tied to anything more than an effort to claim the

jurisdictional minimum. This cause of action is subsumed into the cause of action for legal malpractice in any event and as previously asserted is time barred by the one year statute of limitation within which an action must be filed.

**8. Plaintiff Has Failed to State a Claim for Negligent Infliction of Emotional Distress**

A cause of action for negligent infliction of emotional distress is not allowed when the harm to plaintiff arises from the attorney's negligent conduct and is solely economic. Smith v. Superior Court 10 Cal.App. 4th 1033, 1040. Plaintiff has not and cannot plead that at most she has suffered anything more than economic harms. Additionally Plaintiff's pleading relative to the negligent infliction of emotional distress cause of action fails to identify any act of Defendant which she connects to any harm she is claiming. She has failed to state a claim relative to this cause of action.

**9. Plaintiff's Cause of Action For Intentional Infliction of Emotional Distress Does Not State A Claim**

Plaintiff cannot and has not stated a basis for intentional infliction of emotional distress. To do so she would have the difficult burden of showing (1) the attorney's conduct was outrageous, (2) the attorney specifically intended to cause emotional distress to this particular plaintiff, (3) the client experienced severe emotional distress, and (4) the attorney's conduct actually caused emotional distress to the client. McDaniel v. Gile (1991) 230 Cal.App. 3d 363, 372-373. Plaintiff has not and cannot plead these facts as required to state a claim for relief. Plaintiff has plead no facts as to the actual distress even purportedly caused nor the outrageous conduct behind it, or that it was intentional. She cannot. What Plaintiff describes as a stressful situation for her was in play based on the events preceding her retention of Green, events for which she cannot hold him responsible and which, even if she could, do not support the factual scenario necessary to state a claim for intentional infliction of emotional distress.

**10. Plaintiff has Not and Cannot State a Claim for Elder Fraud Abuse**

At the outset, as phrased there is no such cause of action. Assuming Plaintiff seeks to plead elder abuse, she has not plead any of the requisite facts that would be required to state a claim or put this Defendant on notice of what her allegations are intended to be in this regard. Accepting to handle a case for a plaintiff and negotiating a new trial date in accord with previously set travel plans is not

deceptive nor was it a harm to Plaintiff. As Plaintiff plead in her Complaint, she was apprised on the potential cost of Green continuing the litigation, which she agreed to. How she elected to finance it, even if her allegations were accurate, does not amount to any act by Green or lend any support for a claim of elder abuse.

**11. Plaintiff Has Failed to Establish Unjust Enrichment to State a Claim in this Regard**

Plaintiff has failed to plead how Green was unjustly enriched by performing legal services she requested and agreed to the estimated charges by her own pleading admissions. The services performed by Green resulted in Plaintiff walking away from litigation wherein she was a Defendant facing a claim in excess of one million dollars.

**E. MOTION TO STRIKE PURSUANT TO F.R.C.P. 12(f)**

**Authority for Motion to Dismiss Pursuant to F.R.C.P. 12(f)**

A motion to strike is the primary method of attacking defects or irrelevant matter contained in a pleading that cannot be addressed via a F.R.C.P. 12(b)(6) For instance, a motion to strike is the proper method to strike a prayer for relief which seeks damages specifically disallowed as a matter of law. Bureerong v. Uvawas 922 F.Supp. 1450, 1479, fn. 34(C.D. Cal. 1996).

**1. Plaintiff's Request for Injunctive Relief Must Be Stricken From the Prayer of the Complaint, As Well as the Prayer for Attorney's Fees**

In connection with Plaintiff's "elder fraud abuse" and other causes of action, she seeks an injunction as to Defendant's future conduct with clients over the age of 65 and further for him to withdraw his efforts to receive payment for legal services. First, Plaintiff has failed to state grounds to act as a private attorney general and second cannot enjoin Defendant from utilizing lawful methods of receiving payment for services rendered.

Likewise there is no basis for Plaintiff to receive attorney's fees in connection with bringing this action, contractually or otherwise. Attorney's fees are not recoverable per Code of Civil Procedure section 1021. *See also* Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App. 3d 104, 112. First, she is not acting to confer a public benefit as a private attorney general, but in any event is not entitled to receive attorney's fees as she has not incurred any. Person proceeding in pro per are not entitled to receive attorneys fees. Kravitz v. Superior Court (2001) 91 Cal.App. 4th 1015.

Likewise Plaintiff's prayer for punitive damages must be stricken as improper. Plaintiff has filed this action with each cause of action sounding in legal malpractice. An attorney cannot be held liable for punitive damages in a legal malpractice case where the plaintiff's theory is based upon negligence. Jackson v. Johnson (1992) 5 Cal.App. 4th 1350, 1354-1355.

**2. Consequential Damages As Sought By Plaintiff Exceed Those Even Potentially Allowed For Based on the Claims Made**

A motion to strike is the proper method to strike a prayer for relief which seeks damages specifically disallowed as a matter of law. Bureerong v. Uvawas 922 F.Supp. 1450, 1479, fn. 34(C.D. Cal. 1996). Speculative damages are not recoverable in a legal malpractice action. Budd v. Nixen (1971) 6 Cal.3d 195, 200; Adams v. Paul (1995) 11 Cal.4th 583, 589. The prayer that is asserted by Plaintiff requests consequential damages that cannot be reasonably calculated as connected to any of the acts complained of and, therefore, are at best speculative and subject to being stricken as not recoverable in an action for legal malpractice.

Dated: July 5, 2007

MURPHY, PEARSON, BRADLEY & FEENEY

By [signature]
Summer M. Smith
Attorneys for Defendant
PHILIP R. GREEN AND THE LAW OFFICES OF GREEN & GREEN

JXP.10375917.doc

**PROOF OF SERVICE**

I, Gloria V. Joyce, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On July 5, 2007, I served the following document(s) on the parties in the within action:

**DEFENDANT PHILIP R. GREEN'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) / MOTION TO STRIKE PURSUANT TO FRCP 12(F)**

| | |
|---|---|
| XX | **BY ELECTRONIC SERVICE** Pursuant to Order filed on May 29, 2007, the document was served and filed via ECF/E-Filing Program. I forwarded an electronic version of the text of the moving papers to the party listed below. |
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |

Gloria Grening Wolk
4558-B Capital Blvd #168
Raleigh, NC 27604

Attorney For Plaintiff in Pro Se
GLORIA GRENING WOLK

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on July 5, 2007.

By ______________________
Gloria V. Joyce