UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLORIA GRENING WOLK,            )
                                )
            Plaintiff(s),       )    No. C 06-5025 BZ
                                )
      v.                        )    **ORDER GRANTING IN PART AND**
                                )    **DENYING IN PART DEFENDANT'S**
PHILIP R. GREEN,                )    **MOTIONS TO DISMISS AND TO**
                                )    **STRIKE**
            Defendant(s).       )
                                )
_____ )

     Before me is defendant Philip R. Green's Amended Motion
to Dismiss Pursuant to Federal Rule of Civil Procedure
12(b)(6) and Motion to Strike Pursuant to Federal Rule of
Civil Procedure 12(f) [Docket No. 50].[1]  Having read and
considered the arguments presented by the parties in the
papers submitted to the Court, I find this matter appropriate
for resolution without a hearing and **GRANT IN PART and DENY IN
PART** defendant's Motion to Dismiss and **GRANT IN PART and DENY
IN PART** defendant's Motion to Strike.

     The present action arises from defendant's representation

---

[1]  All parties have consented to my jurisdiction,
including entry of final judgment, pursuant to 28 U.S.C. §
636(c) for all proceedings.

1

1   of plaintiff Gloria G. Wolk in a defamation suit for several

2   months in 2005.  See Am. Compl. ¶¶ 16-29.[2]  The complaint

3   alleges that plaintiff is a consumer advocate and author who

4   was sued for defamation after criticizing a "viatical broker"[3]

5   on her website.  Id. at ¶¶ 5, 16-18.  After changing attorneys

6   several times, plaintiff hired defendant to represent her in

7   the defamation action.  Id. at ¶¶ 18-21.

8        Plaintiff retained defendant on May 2, 2005, and

9   defendant asked plaintiff to advance $10,000 for his fees and

10  litigation costs.  Id. at ¶ 21.  Plaintiff signed an

11  employment contract with defendant on May 4, 2005.  Id. at ¶

12  22.  On May 8, 2005, defendant notified her that he would not

13  be available for the scheduled trial date, but  agreed to

14  request a continuance of the trial date.  Id. at ¶ 23.

15

16  _____

17  [2]   This case was reassigned to me by Order dated April
    27, 2007.  By that time, defendant's motion was fully briefed,

18  but several related motions remained pending.  In particular,
    plaintiff's motion for leave to file a first amended complaint,

19  and her motion for leave to file a surreply, were undecided. On
    June 6, 2007, I denied plaintiff's original motion to file an

20  amended complaint, but granted plaintiff leave to file a new
    amended complaint.  Plaintiff filed her amended complaint on

21  June 18, 2007.  Because leave was never granted for plaintiff
    to file her "First Amended Complaint," her "Second Amended

22  Complaint" shall hereinafter be referred to as "Amended
    Complaint"(or "Am. Compl.").  I also granted defendant leave to

23  re-file his motion to dismiss; he re-filed it on July 5, 2007.
    On July 25, 2007, plaintiff filed a Supplement to her

24  Opposition to defendant's renewed motion to dismiss
    ("Supplemental Opposition") which incorporated, by reference,

25  her previously filed Opposition and Surreply.  On July 30,
    2007, without permission from the Court, defendant submitted an

26  additional reply ("Supplemental Reply").

27  [3]   Viatical brokers purchase life insurance policies
    from terminally ill people, allowing the viators (the

28  terminally ill people) to obtain needed cash, while allowing
    the brokers to collect the full death benefits of the policies
    upon the viators' deaths.  Am. Compl. ¶ 5.

2

1   Thereafter, defendant failed to properly represent her by: (1)

2   failing to file a form substituting himself as attorney for

3   plaintiff; (2) demanding more money from plaintiff; (3)

4   threatening to cease representation of plaintiff if additional

5   money was not provided; (4) refusing to refund monies so that

6   plaintiff could hire another lawyer; (5) failing to prepare

7   for trial and failing to schedule an important deposition in a

8   timely fashion; and (6) threatening to cancel an important

9   deposition unless more money was provided. Id. at ¶ 25.

10  Ultimately, plaintiff and her opposing party in the defamation

11  suit agreed to a "walk away" settlement, in which plaintiff

12  paid nothing in exchange for removing her comments about the

13  viatical broker from her website. Mot. to Dismiss at 5.

14      Plaintiff's amended complaint alleges legal malpractice,

15  extortion, misrepresentation, breach of fiduciary duty,

16  willful misconduct, breach of contract, negligent infliction

17  of emotional distress, infliction of emotional distress, elder

18  fraud abuse and unjust enrichment. Defendant seeks to dismiss

19  all of plaintiff's causes of action or, in the alternative,

20  strike plaintiff's requests for injunctive relief, attorney's

21  fees, punitive damages, and consequential damages.

22  **I.   Motion to Dismiss**

23      Defendant seeks to dismiss plaintiff's complaint on the

24  basis of lack of subject matter jurisdiction, the statute of

25  limitations, and failure to state a claim.

26      A motion to dismiss pursuant to Federal Rule of Civil

27  Procedure 12(b)(6) tests the legal sufficiency of a claim.

28  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Under

3

Rule 12(b)(6), a motion to dismiss should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true.  Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994); see also Mitan v. Feeney, 2007 WL 2068106, at *9 (C.D. Cal.) (discussing the post-Twombly standard).

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Leave to amend is properly denied "where the amendment would be futile."  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**A.   Diversity Jurisdiction**

Defendant argues that plaintiff has failed to meet the amount in controversy requirement needed for diversity jurisdiction.  28 U.S.C. § 1332 (requiring that the amount in controversy exceed $75,000).  Contrary to defendant's assertion, plaintiff alleges damages in an amount greater than $75,000 in her complaint and in her prayer for relief, presumably based on the legal fees expended, lost income, and damages from emotional distress.  See Am. Compl. ¶¶ 37, 41,

1   47, 55, 65, 68, 72, 76, 86, Prayer for Rel.

2        The allegations of the complaint determine the amount in

3   controversy if made in good faith.  St. Paul Mercury Indem.

4   Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938).  To justify

5   dismissal for lack of a jurisdictional amount, it must appear

6   to a legal certainty that the claim is really for less than

7   the jurisdictional amount.  Id.  Moreover, the jurisdictional

8   minimum may be satisfied by claims of general and specific

9   damages, attorney's fees, and by punitive damages.  Simmons v.

10  PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

11  The Court cannot say to a legal certainty that the claim is

12  really for less than the jurisdictional amount.  Federal

13  jurisdiction is properly invoked in this case.

14       **B.   Statute of Limitations**

15       Defendant also argues that plaintiff's claims are barred

16  by a statute of limitations.  California Code of Civil

17  Procedure section 340.6 provides:

18       An action against an attorney for a wrongful act or
         omission, other than for actual fraud, arising in
19       the performance of professional services shall be
         commenced within one year of when the plaintiff
20       discovers, or through the use of reasonable
         diligence should have discovered, the facts
21       constituting the wrongful act or omission, or four
         years from the date of the wrongful act or omission,
22       whichever occurs first.  In no event shall the time
         for commencement of legal action exceed four years
23       except that the period shall be tolled during the
         time that:
24       . . .
         (2) the attorney continues to represent the
25       plaintiff regarding the specific subject matter in
         which the alleged wrongful act or omission occurred.

26

27       Defendant argues the attorney-client relationship ended

28  on August 19, 2005, when the dismissal of the underlying

1   action was filed.  Mot. to Dismiss at 7.  Plaintiff filed the

2   instant action on August 21, 2006.  Thus, defendant concludes

3   "[a]ll the claims must be dismissed as Plaintiff failed to

4   file this action within one year of when she knew of the facts

5   on which she now bases this action for malpractice."  Id. at

6   9.  Defendant further contends "none of the factors allowing

7   for any tolling of the statute are present."  Id.  Defendant

8   attempts to characterize contact after August 19, 2005 as a

9   "ministerial task", arguing such contact does not amount to

10  representation without citing any legal authority defining

11  what constitutes a "ministerial task" or explaining why such a

12  ministerial task does not amount to representation.  Reply at

13  2.

14      Evidence submitted by the parties demonstrates that after

15  August 19, 2005, plaintiff and defendant continued to

16  communicate with each other about the defamation case in

17  furtherance of finalizing the settlement.  Pl.'s Decl. in

18  Opp'n to Supplementary Mot. to Dismiss / Mot. to Strike

19  ("Pl.'s Supplemental Decl") ¶ 3-10.  Moreover, defendant

20  billed plaintiff for time spent on this communication.

21  Supplemental Reply Ex. A.[4]

22

23      [4]   Typically, evidence outside the pleadings is not
    considered on a motion to dismiss.  When evidence outside the
24  pleadings is relied on, the motion should be converted to one
    for summary judgment.  See Jacobsen v. AEG Capital Corp., 50
25  F.3d 1493, 1496 (9th Cir. 1995).  Because I have considered
    some evidence outside the pleadings in resolving the statute of
26  limitations argument, and because both parties have had an
    opportunity to submit evidence, I will apply the summary
27  judgment standard.  Summary judgment is appropriate when it is
    demonstrated that there exists "no genuine issue as to any
28  material fact and that the moving party is entitled to a
    judgment as a matter of law."  Fed. R. Civ. P. 56(c).

1    Defendant's reliance on <u>Gurkewitz v. Haberman</u>, 137 Cal.

2    App. 3d 328 (1982) is misplaced.  <u>Gurkewitz</u> held that "so long

3    as there are unsettled matters tangential to a case, and the

4    attorney assists the client with these matters, he is acting

5    as his representative."  <u>Id.</u> at 333.  Here, there were

6    "unsettled matters tangential to" the underlying action, as

7    evidenced by email exchanges between August 19 and September

8    8, 2005, relating to post-settlement issues.  Pl.'s

9    Supplemental Decl' ¶ 3-10, Exh.'s A-F.  Defendant assisted

10   plaintiff in finalizing the settlement, contacted opposing

11   counsel regarding the same, and billed plaintiff for these

12   activities, up through September 8, 2005.  Supplemental Opp'n

13   at 4; Supplemental Reply Ex. A.  Under <u>Gurkewitz</u>, defendant's

14   finalization of the settlement agreement may constitute

15   continuous representation.  Certainly, I cannot say that there

16   is no genuine issue of fact as to the time-bar issue.[5]

17   In addition to asserted procedural defects, defendant

18   seeks to dismiss all of plaintiff's causes of action.  I

19   address each in turn.

20   **C.   Legal Malpractice**

21   Defendant argues that plaintiff fails to state a claim

22   for legal malpractice.  In civil malpractice cases, the

23   plaintiff must demonstrate: (1) the duty of the attorney to

24   use such skill, prudence and diligence as members of the

25

26   [5]   Defendant's reliance on <u>Shapero v. Fliegel</u>, 191 Cal.
     App. 3d 842 (1987), is also misplaced.  <u>Shapero</u> merely held
27   that "failure [to formally withdraw as counsel of record],
     standing alone, does not satisfy the continued representation
28   provision of section 340.6 for the purpose of tolling the
     running of the statute of limitations."  <u>Id.</u> at 849.

profession commonly possess; (2) a breach of that duty; (3) a
proximate causal connection between the breach and the
resulting injury; and (4) actual loss or damage. <u>Wiley v.</u>
<u>County of San Diego</u>, 19 Cal. 4th 532, 536 (1998) (internal
quotations and citations omitted).

Plaintiff alleges defendant breached the duty of care by
failing to schedule necessary depositions, failing to make
himself plaintiff's attorney of record, and failing to proceed
with the litigation in a timely manner, all of which directly
and proximately caused plaintiff to suffer damages in excess
of $75,000. Am. Compl. ¶¶ 32-37. If true, these allegations
meet each element of legal malpractice.

Defendant argues that plaintiff "bases her cause of
action for legal malpractice on what she asserts was Green's
failure to file a substitution of attorney," when in fact he
"did file a substitution of attorney." Mot. to Dismiss at 9-
10. Defendant mischaracterizes plaintiff's position.
Plaintiff does not base her cause of action for legal
malpractice on defendant's failure to file a substitution of
attorney, but on defendant's failure to file a *timely*
substitution of attorney, which deprived plaintiff of counsel
during her deposition. Am. Compl. ¶ 33. The claim is
sufficiently pleaded.[6]

D.   **Extortion**

Defendant also argues that plaintiff fails to state a

_____

[6]   Defendant disputes several of plaintiff's factual
allegations related to the malpractice claim. Defendant did
not, however, file a declaration or other admissible evidence
in support of his factual contentions. I therefore limit my
analysis to the pleadings.

claim for extortion.  California Penal Code section 518

defines extortion as "the obtaining of property from another,

with his consent, . . . induced by a wrongful use of force or

fear, or under color of official right."[7]  Plaintiff does not

provide any authority for her bringing a private extortion

claim, nor does she state a claim for extortion.[8]  Plaintiff

does not allege anything more than a threat by defendant to

cease representation of plaintiff unless more funds were

provided.  If extortion encompassed such circumstances, then

virtually every business dispute where one party demands more

money for continued service would also constitute extortion.

I know of no authority for such an extension of the law.

Accordingly, plaintiff fails to state a cause of action for

extortion, and the claim will be dismissed, absent amendment.

### E.    Misrepresentation

Defendant also argues that plaintiff fails to state a

claim for misrepresentation.  He reads plaintiff's complaint

as alleging intentional misrepresentation, or actual fraud,

see <u>Anderson v. Deloitte & Touche</u>, 56 Cal. App. 4th 1468, 1474

---

[7]    California Penal Code section 519 states that fear,
such as will constitute extortion, may be induced by a threat .
. . to do an unlawful injury to the person or property of the
individual threatened."

[8]    Although California Business & Professions Code
sections 17200 and 17204, may provide in limited circumstances
for a private right of action under criminal law, plaintiff's
complaint neither alleges a violation of section 17200 nor
states a claim for extortion.  <u>See</u> <u>Haskell v. Time, Inc.</u>, 965
F. Supp. 1398, 1402-03 (E.D. Cal. 1997) (citations omitted);
<u>see also</u> <u>Walker v. Dreyer's Grand Ice Cream, Inc.</u>, 2006 WL
2642535, at *2 (N.D. Cal.) (noting that the plaintiff alleging
a section 17200 claim must identify some law as the predicate
for recovery).

1  (1997), and cites <u>Girard v. Ball</u>, 125 Cal. App. 3d 772 (1981),

2  for the proposition that to state a cause of action for

3  misrepresentation, plaintiff must allege (1)

4  misrepresentation; (2) knowledge of falsity; (3) intent to

5  defraud, i.e., induced reliance; (4) justifiable reliance; and

6  (5) resulting damage.  Mot. to Dismiss at 10.  Defendant

7  alleges plaintiff "has not and cannot plead that there was any

8  misrepresentation at the outset" and plaintiff "has not and

9  cannot plead reliance as she was informed at the outset that a

10 motion for a continuance was going to be sought based on the

11 proximity of the action to trial, and of pre-scheduled

12 vacation plans of Green at the time he agreed to take the

13 case."  <u>Id</u>.

14     Plaintiff's amended complaint contradicts defendant's

15 assertion.  Plaintiff alleges defendant used "fraudulent

16 assurances" to induce plaintiff to hire him, and "failed to

17 disclose, when he agreed to take the case to trial, that he

18 had neither the time (due to his planned vacation) nor the

19 experience as a trial attorney."  Am. Compl. ¶ 43.  An

20 intentional failure to disclose is an actionable fraud in the

21 presence of a fiduciary duty to disclose.  <u>See</u> <u>Renaissance</u>

22 <u>Realty Inc. v. Soriano</u>, 120 Cal. App. 3d Supp. 13, 16 (1981).

23 Moreover, plaintiff alleges that she entered into an agreement

24 for the purpose of taking the case to trial, thus showing

25 reliance.  Opp'n at 5; Am. Compl. ¶ 67.  The claim is

26 sufficiently plead.

27     **F.   Breach of Fiduciary Duty**

28     Defendant also argues that plaintiff has failed to state

10

a claim for breach of fiduciary duty.  Breach of fiduciary
duty is a concept that is "separate and distinct from
traditional professional negligence but which still comprises
legal malpractice."  Mosier v. S. Cal. Physicians Ins. Exch.,
63 Cal. App. 4th 1022, 1044 (1998).  The elements of a cause
of action for breach of fiduciary duty are: (1) the existence
of a fiduciary duty; (2) the breach of that duty; and (3)
damage proximately caused by that breach.  Id.  Fiduciary duty
arises in an attorney-client context.  Id.

Plaintiff alleges defendant breached his fiduciary duty
by "charging for services he never intended to provide, and in
fact, did not provide," and by "demanding increasing sums and
failing to take any useful action on her behalf."  Am. Compl.
¶¶ 50-51.  Plaintiff further alleges that defendant's breach
forced her to continue pro se, making it "impossible for her
to devote time and energy to income-producing work."  Id. at ¶
53.  An attorney's "wilful failure to render the service for
which he was retained and his assumption of a position
contrary to his client's interests" violates his duty of
fidelity to his client.  Academy of California Optometrists,
Inc. v. Superior Court, 51 Cal. App. 3d 999, 1006 (Cal. Ct.
App. 1975).  Plaintiff's allegations, if proven, may show such
a willful failure by defendant.  Plaintiff has sufficiently
pleaded a claim for breach of fiduciary duty.

**G.   Willful Misconduct**

Defendant argues that plaintiff has failed to state a
claim for willful misconduct.  Willful misconduct means
intentional wrongful conduct, done either with knowledge that

11

1   serious injury probably will result or with a wanton and

2   reckless disregard of the possible results.  <u>Reuther v. Viall</u>,

3   62 Cal. 2d 470, 475 (1965).  Three elements are necessary to

4   raise a negligent act to the level of willful misconduct:

5   actual or constructive knowledge of the peril to be

6   apprehended; actual or constructive knowledge that injury is a

7   probable as opposed to a possible result of the danger; and a

8   conscious failure to act to avert that peril.  <u>Colich & Sons</u>

9   <u>v. Pacific Bell</u>, 198 Cal. App. 3d 1225, 1242 (1988).

10      Plaintiff alleges that defendant's "refusal to become

11  attorney of record would cause direct injury" to plaintiff,

12  and this injury was made known to defendant by both plaintiff

13  and an elder law attorney assisting plaintiff.  Am. Compl. ¶

14  58, 60.  Plaintiff further alleges that throughout the three

15  months of their association, defendant demonstrated "a wanton

16  and reckless disregard of the possible result of his behavior

17  toward Wolk." <u>Id.</u> at ¶ 64.  Defendant's response is

18  conclusory and unpersuasive.  He states, without sufficient

19  explanation, that "the cause of action is . . . not supported

20  in its maintenance by the facts Plaintiff pleads in support."

21  Mot. to Dismiss at 11.  Plaintiff, however, alleges facts that

22  meet the requirements of a willful misconduct claim.

23      **H.   Breach of Contract**

24      Defendant argues that breach of contract is "not a cause

25  of action separate and distinct of [sic] the general claim for

26  legal malpractice."  Mot. to Dismiss at 12.  Therefore,

27  "[t]his cause of action is subsumed into the cause of action

28  for legal malpractice in any event and as previously asserted

1  is time barred by the one year state of limitation."  Id.

2      A legal malpractice action is a blend of tort and

3  contract actions.  Cal. Jur. 3d Att'ys at Law § 559.

4  California courts have held that "since in the usual case, the

5  attorney undertakes to perform his duties pursuant to a

6  contract with a client, the attorney's failure to exercise the

7  requisite skill and care is also a breach of an express or

8  implied term of that contract."  Neel v. Magana, Olney, Levy,

9  Cathcart & Gelfand, 6 Cal. 3d 176, 181 (1971).  Where a case

10  sounds in both tort and contract, the plaintiff may elect

11  between the two actions.  Id. at 182.  A plaintiff may bring

12  suit on both contract and tort theories simultaneously, though

13  he or she must ultimately elect which remedy to pursue.  See

14  Southland Mechanical Constructors Corp. v. Nixen, 119 Cal.

15  App. 3d 417, 435 (1981), overruled on other grounds in Laird

16  v. Blacker, 2 Cal.4th 606, 617 (1992).[9]

17  **I.  Negligent Infliction of Emotional Distress**

18      Defendant also argues that plaintiff has failed to state

19  a claim for negligent infliction of emotional distress.  To

20  properly allege a negligent infliction claim, a plaintiff must

21  plead either one of two accepted theories of recovery: the

---

22      [9]   Defendant's conclusory assertion that plaintiff has
23  "failed to plead the terms or intendment of the contract of
   which she referenced to be able to determine the existence of
24  any breach thereof" has no merit.  Mot. to Dismiss at 12.
   Plaintiff has alleged that a contract was entered with
25  defendant on May 2, 2005, when defendant agreed to take
   plaintiff's case to trial and required a retainer of $10,000.
26  Am. Compl. ¶ 21.  Moreover, plaintiff alleges that defendant
   breached the contract by failing to add himself as her attorney
27  of record, failing to prepare for trial, and coercing plaintiff
   into settling on terms less favorable than she had previously
28  rejected.  Am. Compl. ¶ 67.

1   "bystander" theory or the "direct victim" theory.  <u>Burgess v.</u>

2   <u>Superior Court</u>, 2 Cal. 4th 1064, 1071 (1992).  Plaintiff

3   clearly intends to proceed under a direct victim theory,

4   because she alone has suffered the alleged harm.  Because the

5   direct victim theory does not provide for tort recovery

6   separate from the tort of negligence, the claim must be

7   analyzed as sounding in negligence.  <u>See</u> <u>id.</u> at 1072; <u>see also</u>

8   <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 984

9   (1993).  Thus, the traditional elements of duty, breach,

10  causation, and damages apply.  <u>Id.</u>

11       Defendant cites <u>Smith v. Superior Court</u>, 10 Cal. App. 4th

12  1033 (1992), for the proposition that "a cause of action for

13  negligent infliction of emotional distress is not allowed when

14  the harm to plaintiff arises from the attorney's negligent

15  conduct and is solely economic."  Mot. to Dismiss at 12.

16  However, plaintiff has alleged more than just economic harm.

17       In an action for legal malpractice, damages for emotional

18  distress arising out of acts which invade an interest

19  protected by established tort law are recoverable if the

20  claimed emotional distress naturally ensues from the acts

21  complained of.  <u>Smith</u>, 10 Cal. App. 4th at 1038.  Plaintiff

22  adequately alleges that defendant's conduct "caused Plaintiff

23  to suffer serious emotional distress *and* financial loss."  Am.

24  Compl. ¶ 71 (emphasis added).  She has also pleaded the

25  remaining elements of a negligence claim.

26       **J.   Intentional Infliction of Emotional Distress**

27       Defendant also argues that plaintiff has failed to state

28  a claim for intentional infliction of emotional distress.

14

Under California law, a claim of intentional infliction of emotional distress requires a plaintiff to show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) severe or extreme emotional distress; and (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct. <u>Pardi v. Kaiser Foundation Hospitals</u>, 389 F.3d 840, 852 (9th Cir. 2004). "Outrageous conduct" is that which exceeds all bounds usually tolerated by a decent society, and is of a nature which is especially calculated to cause, and does cause, mental distress. <u>McDaniel v. Gile</u>, 230 Cal. App. 3d 363, 372 (1991). "[T]he extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, that gives him actual or apparent authority over the other, or power to affect his interest." <u>Id.</u> (internal quotations and citation omitted).

Plaintiff alleges almost no facts in support of her claim of intentional infliction of emotional distress. She alleges merely that she had to "terminate telephone conversations" because of defendants' actions, and that defendant "persisted in conduct that he knew inflicted emotional distress." Am. Compl. ¶¶ 74-75. These allegations do not meet the requirements of an intentional infliction of emotion distress claim. Plaintiff does not allege any conduct by defendant that was extreme or outrageous, nor does she allege that she suffered any severe emotional trauma. The claim therefore fails, absent amendment.

1          **K.   Elder Abuse**[10]

2          Defendant also argues that plaintiff has failed to state

3   a claim for elder abuse.  A civil cause of action under the

4   Elder Abuse statute is governed by the California Welfare and

5   Institutions Code section 15657, which requires that a

6   plaintiff demonstrate "by clear and convincing evidence that a

7   defendant is liable for physical abuse as defined in Section

8   15610.63, or neglect as defined in Section 15610.57, and that

9   the defendant has been guilty of recklessness, oppression,

10  fraud, or malice in the commission of this abuse . . . ."  <u>See</u>

11  <u>also</u> <u>Benun v. Superior Court</u>, 123 Cal. App. 4th 113, 119

12  (2004) (relying on section 15657 as establishing the

13  requirements for a civil cause of action).

14          Section 15610.63 lists a series of physical invasions,

15  none of which is relevant to plaintiff's claims.  Section

16  15610.57.  Likewise, section 15610.57 defines neglect in such

17  a way as to preclude application of the cause of action to

18  defendant.[11]  In particular, because defendant is not alleged

19  as "having the care or custody of" plaintiff, <u>id.</u>, the statute

20

21

22  _____

23  [10]     Plaintiff styles her claim as "Elder Fraud Abuse."
    Am. Compl. ¶ 77. There is no such cause of action.  As
24  plaintiff cites to the statutory provisions for elder abuse in
    support of this claim, the court interprets this cause of
    action as one for elder abuse.

25

26  [11]     Neglect includes either "[t]he negligent failure of
    any person having the care or custody of an elder or a
27  dependent adult to exercise that degree of care that a
    reasonable person in a like position would exercise," or "[t]he
    negligent failure of an elder or dependent adult to exercise
28  that degree of self care that a reasonable person in a like
    position would exercise."  Cal. Welf. & Inst. Code § 15610.57.

1  does not appear applicable.[12]

2      For these reasons, plaintiff's claim for elder abuse

3  fails.  Because the failure is legal in nature, thereby

4  rendering amendment futile, this claim is dismissed without

5  leave to amend.

6      **L.   Unjust Enrichment**

7      Defendant also argues that plaintiff has failed to state

8  a claim for unjust enrichment.  An individual is required to

9  make restitution if he or she is unjustly enriched at the

10  expense of another.  <u>First Nationwide Savings v. Perry</u>, 11

11  Cal. App. 4th 1657, 1662 (1992).  Benefit means any type of

12  advantage.  <u>Id.</u>

13      Defendant conclusorily asserts that plaintiff has failed

14  to plead how defendant was unjustly enriched by performing

15  legal services she requested.  Mot. to Dismiss at 13.

16  Plaintiff, however, alleges defendant was "unjustly enriched

17  by the sums paid by Plaintiff, which conferred upon him and

18  his law firm benefits that were not earned and caused

19  plaintiff to suffer corresponding injuries."  Am. Compl. ¶ 85.

20  Plaintiff's complaint adequately sets forth a claim for unjust

21  enrichment.

22  **II.  Motion to Strike**

23      Defendant seeks to strike plaintiff's prayers for

24  _____

25      [12]   While the statute contemplates that the definition of
elder abuse will include financial abuse, <u>see</u> Cal. Welf. &
26  Inst. Code §§ 15610.07 and 15610.30, the plain text of sections
15657 and 15610.57 preclude a plaintiff from bringing a civil
27  action premised on financial abuse unless the abuser has care
or custody of the elder.  Indeed, a 2004 amendment to section
28  15657 deleted section 15610.30 from the list of qualifying
abuses.  <u>See</u> Cal. Welf. & Inst. Code §§ 15657, Amendments.

1   injunctive relief, attorneys' fees, punitive damages, and

2   speculative consequential damages.   Under Federal Rule of

3   Civil Procedure 12(f), a court may strike a pleading or any

4   portion of a pleading that is "redundant, impertinent, or

5   scandalous."   Fed. R. Civ. P. 12(f).   Motions to strike are

6   disfavored, and the remedy of striking a pleading should

7   generally be granted only to avoid prejudice to the moving

8   party or when "it is clear that the matter sought to be

9   stricken could have no possible bearing on the subject matter

10  of the litigation."   Smith v. Wal-mart Stores, 2006 WL

11  2711468, at *2 (N.D. Cal.) (internal quotations and citations

12  omitted).

13      **A.   Injunctive Relief**

14      Defendant moves to strike plaintiff's request for

15  injunctive relief.   Plaintiff seeks an injunction to "prevent

16  the Defendant from continuing to use these tactics with other

17  clients, and in particular, with clients who are over the age

18  of sixty-five."   Prayer for Relief, Am. Compl. at 26.

19  Plaintiff also seeks an injunction to "order the Defendant to

20  withdraw his complaint with the collection agency and with

21  credit reporting agencies".   Id.   Defendant seeks to strike

22  this injunctive relief, arguing plaintiff has "failed to state

23  grounds to act as a private attorney general and second cannot

24  enjoin Defendant from utilizing lawful methods of receiving

25  payment for services rendered."   Mot. to Dismiss at 13-14.

26      My dismissal of plaintiff's elder abuse claim will

27  preclude plaintiff from seeking injunctive relief aimed at

28  prohibiting defendant from engaging in elder abuse.   Moreover,

18

1   plaintiff fails to plead causes of action supportive of her

2   prayer for injunctive relief on behalf of the public at

3   large.[13]   Nevertheless, plaintiff does allege that she is

4   suffering on-going injury relating to defendant's reporting of

5   her to a collection agency and credit reporting bureaus. <u>See</u>

6   Am. Compl. ¶ 63, Prayer for Relief at 26.   Thus, while

7   plaintiff may request an injunction to order defendant to

8   withdraw his collection credit agency complaints, she may not

9   seek an injunction in federal court on behalf of the general

10  public or elderly clients.   This portion of plaintiff's prayer

11  for relief will be stricken, absent amendment.

12          **B.   Attorneys' Fees**

13          Defendant also moves to strike plaintiff's request for

14  attorneys' fees.   Plaintiff seeks to recover attorneys' fees

15  and costs for bringing this action, despite the fact that she

16  is representing herself *pro se*.   Plaintiff has indicated that

17  she may hire an attorney to represent her in stages of this

18  litigation.   Surreply at 5-6.   If plaintiff does not hire an

19  attorney by the point of trial, her request for attorneys'

20  fees may be stricken at that time.   Defendant's motion to

21  _____

22          [13]    Article III of the U.S. Constitution requires that a
    plaintiff in federal court must allege an injury that is actual
    or imminent, not conjectural or hypothetical.   <u>Hangarter v.</u>

23  <u>Provident Life & Accident Ins. Co.</u>, 373 F.3d 998, 1021 (9th
    Cir. 2004).   In the context of injunctive relief, a plaintiff

24  must demonstrate a real or immediate threat of an irreparable
    injury.   <u>Id.</u>   And while California Business & Professions Code

25  sections 17200, 17203 and 17204 may provide plaintiff standing
    to seek this type of injunctive relief, she has not alleged a

26  cause of action under these statutes.   <u>See, e.g.</u>, <u>VonGrabe v.</u>
    <u>Sprint PCS</u>, 312 F. Supp. 2d 1313, 1323 (S.D. Cal. 2004) (to

27  establish standing in federal court to bring a section 17204
    claim, plaintiff must allege that she has "personally suffered

28  an injury as a result of Defendant's conduct allegedly
    experienced by other citizens unknown to Plaintiff.").

1  strike is denied, without prejudice to defendant's re-raising

2  this issue at an appropriate time.

3       **C.   Punitive Damages**

4       Defendant also moves to strike plaintiff's request for

5  punitive damages.  Where it is proven by clear and convincing

6  evidence that the defendant has been guilty of oppression,

7  fraud, or malice, plaintiff may recover damages in addition to

8  the actual damages.  Cal. Civil Code § 3294; Judicial Council

9  of California, Civil Jury Instructions No. 3940.

10      Punitive damages are appropriate if the defendant's acts

11  are reprehensible, fraudulent or in blatant violation of law

12  or policy.  <u>Tomaselli v. Transamerica Ins. Co.</u>, 25 Cal. App.

13  4th 1269, 1287 (1994).  The mere carelessness or ignorance of

14  the defendant does not justify the imposition of punitive

15  damages.  <u>Id.</u>  Punitive damages are proper only when the

16  tortious conduct rises to levels of extreme indifference to

17  the plaintiff's rights, a level which decent citizens should

18  not have to tolerate.  <u>Id.</u>

19      Plaintiff alleges at least seven viable causes of action,

20  supported by specific factual allegations.  I cannot say as a

21  matter of law that defendant's alleged conduct, such as his

22  failure to timely substitute as attorney of record,

23  misrepresentations concerning his time commitments and

24  experience, and his demands for additional funds, if proven,

25  could not support an award of punitive damages.[14]  At this

26  _____

27      [14]   Defendant's citation to <u>Jackson v. Johnson</u>, 5 Cal.
    App. 4th 1350 (1992), is misplaced.  In <u>Jackson</u>, the court held
28  that punitive damages were not allowed in a legal malpractice
    verdict when no actual damages were found.  5 Cal. App. 4th at

1  stage, plaintiff's request for punitive damages is

2  permissible.

3          **D.   Consequential Damages**

4          Defendant also seeks to strike plaintiff's "consequential

5  damages that cannot be reasonably calculated as connected to

6  any of the acts complained of and, therefore, are at best

7  speculative and subject to being stricken as not recoverable

8  in an action for legal malpractice."  Mot. to Dismiss at 14.

9  Defendant, however, does not provide any support for striking

10 plaintiff's request for consequential damages, nor does he

11 specify which consequential damages request he opposes.

12 Plaintiff makes several specific requests for consequential

13 damages, and none are overly speculative.[15]  Moreover, if

14 plaintiff's consequential damages "cannot be reasonably

15 calculated as connected to any of the acts complained of,"

16 then such damages will not be awarded to plaintiff at trial.

17 Plaintiff's request for consequential damages is permissible.

18 **III. CONCLUSION**

19         For the foregoing reasons, **IT IS HEREBY ORDERED THAT**

20 defendant's motion to dismiss is **GRANTED IN PART and DENIED IN**

21 **PART**.  The causes of action for extortion and intentional

22 infliction of emotional distress are **DISMISSED WITHOUT**

23 **PREJUDICE TO AMENDMENT**.  The cause of action for elder abuse

24 _____

25 1351.  Here, plaintiff claims that she suffered actual damages.

26      [15]   Plaintiff requests consequential damages for her
   "forfeiture of economic opportunities," "injury to her credit
27 rating", and for her "losses due to the need to refinance her
   home at a high rate of interest in order to acquire sufficient
28 funds to relocate out of state, and the expense of relocation."
   Prayer for Relief, Am. Compl. at 27.

1   is **DISMISSED WITH PREJUDICE**.   The motion to dismiss is **DENIED**

2   with respect to the remaining causes of action.

3        **IT IS FURTHER ORDERED THAT** defendant's motion to strike

4   is **GRANTED IN PART and DENIED IN PART**.   The motion to strike

5   is **GRANTED WITH LEAVE TO AMEND** as to plaintiff's prayer for

6   injunctive relief on behalf of the general public.   The motion

7   to strike is otherwise **DENIED**.

8        **IT IS FURTHER ORDERED THAT** plaintiff is granted leave to

9   filed an amended complaint by **Thursday, September 13, 2007**

10  <u>only if</u> she can allege, in good faith, an adequate factual

11  basis for her allegations and can allege specific facts

12  supporting all of the required elements of her causes of

13  action.   While successful amendment of her claims may be

14  conceivable, plaintiff should weigh the benefits of amendment

15  against the detriment of prolonging uncertainty in her

16  pleadings as the trial date approaches.   If plaintiff amends

17  her complaint, defendant's response will be filed by **Tuesday,**

18  **October 9, 2007**.   If plaintiff does not amend her complaint,

19  defendant's answer will be filed by **Monday, September 24,**

20  **2007**.

21  Dated: August 22, 2007

22                              _Bernard Zimmerman_

23  _____

                                Bernard Zimmerman
                       United States Magistrate Judge

24

25   G:\BZALL\-BZCASES\WOLK\MOT.DISMISS.ORDER.wpd

26

27

28