UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA GRENING WOLK, | ) |
| | ) |
| Plaintiff(s), | ) No. C06-5025 BZ |
| | ) |
| v. | ) **ORDER GRANTING PLAINTIFF'S** |
| | ) **MOTION TO RECONSIDER, AND** |
| PHILIP R. GREEN, | ) **RESTORING PLAINTIFF'S CLAIM** |
| | ) **FOR ELDER FINANCIAL ABUSE** |
| Defendant(s). | ) |

Following my Order dismissing, inter alia, plaintiff's claim for elder financial abuse, Cal. Welf. and Inst. Code §§ 15610, et seq., plaintiff filed a "Motion to Alter or Amend Order". Construing her motion as one for reconsideration under Civil Local Rule 7-9, I ordered defendant to file an opposition. After reviewing the parties' papers,[1] I have concluded that my dismissal of the elder financial abuse claim at this stage of the pleading was in error, and I will restore

---

[1] On September 4, 2007, plaintiff filed a motion for leave to file a reply to defendant's opposition. As I find no need for further briefing, that motion is **DENIED**.

1

1 the claim to plaintiff's complaint.[2]

2 Plaintiff's eighth cause of action, styled as "Elder Fraud Abuse," relies on the California Welfare and Institutions Code sections 15610, et seq., and in particular section 15657.5(a).  See Pl.'s Am. Compl. at ¶¶ 78, 81. Section 15667.5(a) states: "Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs."  Section 15610.30, in turn, defines elder abuse as, *inter alia*, taking or appropriating the real or personal property of an elder with intent to defraud.  Cal. Welf. And Inst. Code § 15610.30(a)(1).  An "elder" is defined as "any person residing in th[e] state, 65 years of age or older." Id. at § 15610.27.

Several courts have held that this California statute creates a civil cause of action for elder financial abuse. See Genton v. Vestin Reality Mortgage II, Inc., 2007 WL 951838, at *2 (S.D. Cal.).  Defendant's arguments that plaintiff's claim must fail because she is not a "dependant" adult, and because payments made to an attorney for services rendered cannot constitute "taking" or "appropriation", do not find clear support in the statute or relevant case law.  Cf.

---

[2] Reconsideration of an interlocutory order may be granted where there is a "manifest failure by the Court to consider . . . dispositive legal arguments which were presented to the Court before such interlocutory order."  Civil Local Rule 7-9(b)(3).

Cal. Welf. And Inst. Code § 15610.23 (defining "dependant adult") with § 15610.30 (defining "elder"); see, e.g., Negrete, 444 F. Supp. 2d at 1002-03 (holding that plaintiff sufficiently pleaded elder abuse by alleging that the defendant investment firm took or appropriated her funds by use of a fraudulent scheme).

Here, plaintiff alleges that defendant knew she was over sixty-five years of age at the time she contracted for his services. Am. Compl. ¶ 78. She claims that defendant obtained payments through "deceptive" practices. Id. at ¶ 79. Other paragraphs of her complaint, incorporated by reference into her claim for elder abuse, id. at ¶ 77, sufficiently plead actual fraud. Id. at ¶¶ 42-47. I cannot conclude as a matter of law that this cause of action cannot exist against defendant.

For the reasons discussed, plaintiff's motion to reconsider is **GRANTED**, and her cause of action for elder financial abuse is **RESTORED** to her complaint. My Order dated August 22, 2007 otherwise remains operative.[3]

Dated: September 5, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WOLK\Order Granting Reconsideration.wpd

---

[3] In his opposition to plaintiff's motion to reconsider, defendant requested that I reconsider the entirety of my Order, arguing that I improperly relied on facts and evidence outside the pleadings. The only issue which required reliance on facts outside the pleadings, however, was the argument that plaintiff's claims are time barred. I properly applied the summary standard to resolve that issue. Therefore, defendant's request for reconsideration is **DENIED**.