UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA GRENING WOLK,<br><br>        Plaintiff(s),<br><br>  v.<br><br>PHILIP R. GREEN,<br><br>        Defendant(s). | No. C06-5025 BZ<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL** |

    Before me is plaintiff's motion to compel regarding defendant's responses to her revised interrogatories, requests for admission and requests for production of documents. For the reasons discussed, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

    Generally, plaintiff takes issue with defendant's excessive use of boilerplate objections. As I explained during the September 27, 2007 discovery telephone conference regarding plaintiff's motion to compel, I disregard

///

///

///

1

boilerplate objections.[1]

Federal Rule of Civil Procedure 33(b)(1) requires that a party objecting to an interrogatory "shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." All grounds for objection must be "stated with specificity" or the objection is waived unless the court excuses the party's failure to object "for good cause shown." Fed. R. Civ. Proc. 33(b)(4). Defendant frequently failed to state with specificity his grounds for objection or show good cause for his failure to do so. Accordingly, it is **ORDERED** that defendant's boilerplate objections are stricken.

Similarly, a party responding to a request for admission must respond with an: admission; denial; or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. Proc. 36(a). If the responding party is unable to admit or deny the request because of lack of sufficient information, the responding party must state that he or she has made a "reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Id.

In response to many of plaintiff's requests for production of documents, defendant produced the entire litigation file. Plaintiff has not shown that the litigation

---

[1] "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

2

file was not produced as it was kept in the normal course of business. See Schwarzer, et al., Federal Civil Procedure Before Trial, § 11:1943-44 (Rutter 2007). Nor has plaintiff shown that the documents produced were so voluminous or so disorganized that she cannot tell what they are. Plaintiff's request for an order compelling defendant to identify or organize the documents to respond to specific requests is not necessary.

Defendant's discovery responses are also replete with attorney-client, work product and privacy objections. Defendant does not provide a privilege log or sufficiently describe why the discovery propounded is privileged. The Federal Rules of Civil Procedure require:

> a party withhold[ing] information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5). Rule 26(b)(5) is commonly satisfied by filing a privilege log. Blanket refusals or boilerplate objections are insufficient to assert privilege, so I have disregarded such assertions. See Burlington Northern & Santa Fe Rwy. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

During the September 27, 2007 discovery telephone conference, I granted plaintiff leave to file a memorandum in support of her motion to compel setting forth the specific

3

1  discovery responses at issue.  <u>See</u> Third Discovery Order,
2  Sept. 28, 2007, Docket No. 84.  I will now address the
3  adequacy of the responses specifically addressed by
4  plaintiff.
5     Plaintiff specifically discusses defendant's responses
6  to her revised interrogatories numbers 1 - 8 and 9 - 17;
7  revised requests for admissions numbers 1, 2, 4 -9, 11 - 14,
8  16 - 29, and 33$^2$; and requests for production of documents
9  numbers 1, 8 - 11, 14, 16, 18, 23, and 25 -27.
10     It is **HEREBY ORDERED THAT** plaintiff's motion to compel
11  is resolved as follows.  I **GRANT** plaintiff's motion with
12  respect to interrogatory numbers **1**, **4** - **5** (limiting response
13  to the years 2000 - 2006), **8** (response is unintelligible and
14  inadequate) and **13**; request for admission numbers **25**, **27**, and
15  **29** (response is evasive); and request for production of
16  documents numbers **1**, **8**, **11**, **18** (inconsistent response as to
17  whether documents exist), and **24$^3$ - 27** (defendant to produce
18  documents for the years 2000 - 2006).  I **DENY** plaintiff's
19  motion to compel further responses to interrogatory numbers
20  ///
21  ///
22

---

23      $^2$    Plaintiff did not file or provide me with court copies of pages 3 or 5 of defendant's responses to her revised
24  requests for admissions.  As such, I am unable to issue an order regarding requests 4 - 8 or 11- 14.  (On October 5, 2007,
25  plaintiff filed three different versions of her motion to compel.  The missing pages were not attached as exhibits to
26  those filings.)

27      $^3$    As I noted during the September 27, 2007 telephone conference, documents filed with a court are not protected by a
28  right of privacy or attorney client privilege.

**2**, **3**, **6** (relevancy and privacy objections sustained), **7**[4], **9**, **10**, **11**, **12**, and **14** (defendant is admonished that he has a duty to supplement discovery and disclosures pursuant to Federal Rule of Civil Procedure 26(e)); request for admission numbers **1**, **2**, **20 - 24**, **26, 28** and **33**; and request for production of documents numbers **9**, **10**, **14**, **16,** and **23**.

Interrogatory numbers **15 - 17** and request for admissions numbers **16 - 19** will be addressed at the **December 5, 2007** hearing on the motion to compel.

Plaintiff also seeks an order compelling defendant to comply with the initial disclosure requirement to provide a complete copy of liability insurance policies as required by Federal Rule of Civil Procedure 26(a)(1)(D), (as well as defendant's alleged failure to respond to her second set of requests for admissions). These matters are not appropriately before me at this time. Plaintiff has failed to comply my Order Scheduling Jury Trial and Pretrial Matters (Docket No. 46) which sets forth the process by which parties bring discovery disputes before the Court. I again admonish plaintiff that failure to comply with my orders and the Civil Local Rules may result in the imposition of sanctions.

Plaintiff also requests that her deposition and all other defensive discovery be deferred until after defendant provides further amended discovery responses that comport

---

[4] An interrogatory inquiring as to basis of responses to requests for admissions is treated as an interrogatory with subparts [with each request for admission inquired to counts as a single interrogatory]. See <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

with my order.  On September 20, 2007, counsel for defendant filed a letter requesting a telephone discovery conference regarding plaintiff's refusal to present for deposition.[5]  On September 27, 2007, I conducted a telephone conference with the parties to address plaintiff's refusal to present for deposition and the instant motion to compel.  Plaintiff agreed to present for deposition and I ordered that her deposition be completed by October 8, 2007.[6]  As I explained during the September 27, 2007 telephone discovery conference, plaintiff's deposition is not tied to the propriety of defendant's discovery responses.  Accordingly, plaintiff's request that her deposition and all other defensive discovery be deferred until defendant provides complete discovery responses is **DENIED**.

Plaintiff also requests reimbursement for the expenses of filing the motion to compel, purchasing devices to record the meet and confer telephone conferences and Federal Express costs.  Additionally, plaintiff asks me to impose sanctions against defendant.  Although, Federal Rule of Civil Procedure 37(a)(4) does provide for an award of expenses against a losing party who was not substantially justified in opposing a motion to compel, the Civil Local Rules require that motions for sanctions must be filed separately.  See Civil

---

[5] Defense counsel attached a copy a motion to compel plaintiff's deposition to the September 20, 2007 letter as an exhibit.

[6] Plaintiff's deposition did not go forward as ordered. In her October 24, 2007 letter to the court, plaintiff states that her deposition will go forward on November 14, 2007.

6

1 L.R. 37-3 and 7-8(a).  As such, plaintiff's request for
2 reimbursement of expenses and for sanctions against defendant
3 is **DENIED**.  However, defendant is cautioned that if he
4 continues to respond to discovery requests as has in the
5 past, sanctions are likely to be imposed.

6 On October 24, 2007, plaintiff filed motion requesting
7 leave to file a reply to defendant's opposition.  Further
8 briefing is unnecessary and her request is **DENIED.** Generally,
9 I will notify the parties if further briefing is required.

10 Defendant is **ORDERED** to serve amended discovery
11 responses and further documents that comport with this order
12 by **November 14, 2007.**[7]

13 Dated: October 29, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WOLK\Order Granting in Part P's Motion to Compel.wpd

---

[7] Plaintiff's request that defendant provide amended responses within 3 calendar days of this order is unreasonable.

7