UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA GRENING WOLK,<br><br>Plaintiff(s),<br><br>v.<br><br>PHILIP R. GREEN,<br><br>Defendant(s). | No. C06-5025 BZ<br><br>**ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL** |

Before me is plaintiff's second motion to compel defendant to further answer interrogatories, requests for admissions and requests for production of documents. For the reasons discussed, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff requests an order compelling further responses to interrogatory numbers 1, 4, 5, 8, 13, 15, and 16; requests for admission numbers 16, 17, 18, 19, 25, 27, and 29; and requests for production of documents numbers 1, 8, 11, 18, 24, 25, 26, and 27. I ordered defendant to provide further responses to these discovery requests in my orders dated October 29, 2007 and December 5, 2007.

1

In her moving papers, plaintiff contends that defendant did not serve further responses to her interrogatories pursuant to my October 29, 2007 order. However, defendant attached a copy of his revised interrogatory responses as an exhibit to his opposition which includes a certificate of service stating that it was served on plaintiff by mail on November 13, 2007. As such, it is presumed that defendant served timely responses. Plaintiff has not produced evidence to rebut that presumption.

Interrogatory numbers 1 and 4 ask defendant to identity lawsuits in which he obtained a positive verdict for his client and in which he represented a defendant in a defamation lawsuit. In his responses, defendant refers to six cases but contends that he cannot remember a single case name or number, he fails to indicate the courts in which the suits were filed and he responds that such information is "readily obtainable . . . as they constitute publicly available information."

Federal Rule of Civil Procedure 33(b)(3) requires that a party "must" answer each interrogatory "separately and fully in writing under oath." "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996). "If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" Id., *quoting* Milner v. National

School of Health Tech., 73 F.R.D. 628, 632 (E.D.Pa 1977).
Here, defendant fails to explain what efforts, if any, he made to attempt to determine the names of his previous cases. I find it highly unlikely that defendant is unable to recall, after conducting a reasonable inquiry, such basic requests. Nor does he provide any authority for the proposition that a response that information can be gleaned from the public record is an adequate response. In any event, the burden on defendant, an attorney, to conduct a search to identify his previous California cases is much less than it would be for a pro se plaintiff who resides in North Carolina. I therefore **GRANT** plaintiff's motion as to interrogatory numbers **1** and **4**. Defendant's revised responses shall include the case name, number, and identify the court in which the six cases referred to in the responses were filed.

I also **GRANT** plaintiff's motion for a further response to interrogatory **8**. The interrogatory requests a description of the research defendant and anyone on his behalf conducted in regard to the underlying lawsuit. In his response, defendant states that he conducted the research in conjunction with law clerks and that the "research consisted of examining and analyzing relevant case law." The response is evasive and non-responsive as defendant fails to describe the research conducted.

I **DENY** plaintiff's motion to compel further responses to interrogatory numbers **5**, **13**, **15**, and **16**. I find the responses adequate. Plaintiff takes issue with many responses because they are contradicted by the record in the

3

earlier case or by defendant's previous discovery responses. Such inconsistencies are better dealt with by cross-examination, at deposition or trial.

Plaintiff's motion to compel further responses to requests for admission numbers **16**, **18**, **19**, and **29** is **GRANTED**. In his moving papers, defendant opines that "admissions are properly answered when based on a party's personal recollection of past facts or occurrences." (Def.'s Opp'n 3.) However, a responding party must make a "reasonable inquiry and secure such knowledge and information as are readily obtainable by him." Fed.R.Civ.P. 36, Adv.Comm.Notes 1970. Defendant is **ORDERED** to provide a straight forward response to each request or the court will deem his responses to be admissions.

Defendant's responses to request for admission numbers **17**, **25**, and **27** are adequate and plaintiff's motion is **DENIED**. Again, defendant's allegedly false responses to the requests for admissions may be used to impeach defendant at deposition or at trial but do not warrant issuing a further order to compel.

Plaintiff's motion is **GRANTED** as to request for production numbers **8, 24**, and **25**. Defendant is **ORDERED** to produce any notes of his conversations with Mr. Wisbaum or amend his response to reflect that such documents do not exist. Defendant is further **ORDERED** to produce the documents responsive to numbers 24 and 25 by **February 11, 2008**. Plaintiff's motion to compel further response to her requests for production of documents numbers **1**, **11, 18**, **24**, and **27** is

4

**DENIED** as defendant's responses are adequate.

Defendant has repeatedly refused to disclose a complete copy of his liability insurance policy, and insists that the declarations page is sufficient to satisfy Federal Rule of Civil Procedure 26(a)(1)(A)(iv) (formerly Rule 26(1)(D)). However, the plain language of the rule requires a party to disclose, and to provide for inspection, "any insurance agreement", not just the declarations page of the policy. Fed.R.Civ.P. 26(a)(1)(A)(iv); see also Morock v. Chautauqua Airlines, Inc., 2007 WL 2875223, *1 (M.D.Fla. 2007) (disclosure of declarations page and assurance that policy would adequately cover plaintiff's claims insufficient) ; Boyer v. Riverhead Cent. School Dist., 2006 WL 3833040, * 2 - 3 (E.D.N.Y. 2006) (summaries of policies insufficient). Plaintiff's motion to compel defendant to produce the complete insurance policy is **GRANTED**.

Plaintiff also seeks an order to compel defendant to return four of her books that she allegedly provided to him in the underlying litigation, or to compensate her for the costs of the books. Defendant contends that he does know where the books are, and believes that he returned them to her. A motion to compel is not the appropriate method for plaintiff to recover the books. The motion to compel their production is **DENIED**.

Plaintiff also requested an order compelling defendant to provide a copy of a deposition transcript that she contends should have been a part of her litigation file from the underlying case. After she filed the motion, defendant

5

provided her with a copy of the deposition transcript, but it was not certified by a court reporter.  In his responses to her discovery, defendant has repeatedly claimed that he already provided plaintiff with her entire litigation file from the underlying case.  Defendant's failure to produce the deposition transcript until after plaintiff filed a motion to compel is troubling.  Defendant is **ORDERED** to review all of his files in order to ensure that he has provided plaintiff with a copy of all documents from plaintiff's litigation file in the underlying case and shall file a sworn declaration certifying he has done so by **Wednesday, February 6, 2008.** Defendant is also **ORDERED** to serve, via post and email, amended discovery responses and further documents that comport with this order by **Wednesday, February 6, 2008**.

Defendant failed to completely produce all responsive documents in his possession to plaintiff's requests for production of documents, he has repeatedly responded to discovery requests stating he is unable to remember the information called for in the requests, and some of his responses to discovery are allegedly contradicted by the record in the underlying case or by his previous discovery responses.  In light of this, it is **HEREBY ORDERED** that defendant will be precluded from introducing at trial documents responsive to plaintiff's discovery requests that should have been produced, but were not.  Moreover, defendant will be precluded from providing testimony that he is able to remember facts at trial that he was unable to remember when responding to discovery.  Finally, plaintiff will be

permitted to point out the inconsistencies of defendant's responses, if relevant and admissible, when examining defendant at trial.

Plaintiff's request to extend the pretrial schedule to provide additional time for discovery is **DENIED**. I have supervised this matter since April 27, 2007 and believe that plaintiff received adequate discovery to permit her to prepare for trial.

Plaintiff's request for the issuance of sanctions is **DENIED** without prejudice. In her moving papers, plaintiff refers to an "accompanying motion for sanctions" but the docket does not reflect such a motion. However, the court believes that some of defendant's responses, particularly the failure to produce the insurance policy, were without substantial justification and is considering whether to impose sanctions sua sponte.

Dated: January 31, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WOLK\ORDER GRANTING IN PART PLAINTIFFS 2ND MOTION TO COMPEL.2.wpd

7