UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA GRENING WOLK,<br><br>       Plaintiff(s),<br><br>  v.<br><br>PHILIP R. GREEN,<br><br>       Defendant(s). | No. C06-5025 BZ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART** |

Defendant Philip Green's motion for summary judgment is **DENIED IN PART.** Plaintiff Gloria Wolk, in large part, has met her burden of establishing the existence of triable issues of fact.

There is a substantial dispute about the facts surrounding the inception of the attorney client relationship. Wolk, in her declaration, asserts that Green did not explain his scheduling conflict until after she had agreed to retain him and provided him a check for $10,000. Green disputes when Wolk notified him of the trial date. This fact is material because, Wolk contends, it undermined the attorney-client relationship from the outset. Had she been informed of the

1

scheduling conflict, she stated under oath, she would have retained another attorney.  But she could not do this once she learned of the scheduling conflict because Green would not return her money.  This, Wolk contends, created an odd situation where, for example, Green attended Wolk's deposition but did not defend it because he had not yet filed a substitution of counsel since he was waiting to find out whether the trial court would accommodate his vacation schedule by continuing the trial date.  There are numerous other disputed issues between the parties with respect to why various matters in furtherance of Wolk's defense were or were not accomplished.

    Wolk has also introduced sufficient evidence from which a jury could reasonably conclude that the statements she made about Wilbanks were not defamatory.  She has denied making two of the statements of which Wilbanks complained.  As to the others, as the Court of Appeal noted in reversing the favorable ruling Wolk had obtained on her SLAPP motion, the statements she made about Wilbanks contained some truths but were capable of a defamatory inference because of facts that were omitted.  For example, the Court of Appeal seemed troubled that Wolk had omitted to report that the judgment against Wilbanks was obtained in small claims court and may have been uncontested.  <u>Wilbanks v. Wolk</u>, 121 Cal.App.4th 883, 903 (2004).  Wolk has introduced some evidence that Wilbanks contested the small claims suit.  For example, Wolk attached what appears to be an email from the plaintiff in the small claims suit describing Wilbanks' participation in that trial.

2

(Pl.'s Exhibits to Pl.'s Undisputed Facts ISO Pl.'s MSJ, Ex. 6, p. 9.)  While it is true that some of the evidence Wolk introduced may not be admissible at trial and may not conform to Federal Rule of Civil Procedure 56(e)(See <u>Orr v. Bank of America</u>, 285 F.3d 767, 773 (9th Cir. 2002), Green has not objected to or moved to strike such evidence.[1]  Moreover, it appears that Wolk, who is pro se, has additional evidence which she did not present.  For example, she stated during oral argument, and Green conceded, that there is a declaration from the plaintiff in the small claims suit describing that trial which was not filed with this court.  While the court has the option under Rule 56(e)(1) and (f) to permit Wolk to file additional declarations, since there is no dispute about some of the facts not presented in evidence, and because trial is less than two months away, the court has elected to rule on the present record and give any arguably inadmissible evidence presented by Wolk only the weight which the court believes it deserves.

Nor am I persuaded that a Wolk victory in the underlying suit, with its concomitant award of costs, would not have been a better result than the so-called "walkaway" settlement which resulted from Green's representation.  To begin with, Wolk has repeatedly stated that her desire in litigating the Wilbanks action was to vindicate her reputation which, among other

---

[1] On summary judgment, a court is to focus on the admissibility of the contents of the evidence more than its form.  <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003). Wolk is cautioned that at trial, assuming appropriate objections are made, she will be required to adhere to the Rules of Evidence when presenting her case.

3

reasons, was important for her continued work as a "consumer watchdog" in the viatical industry.  While neither side has provided any authority on point, it would seem that a victory vindicating her reputation, under the circumstances of this case, would have been a better result for Wolk than the settlement.  See e.g., Barella v. Exchange Bank, 84 Cal.App.4th 793, 800 – 03 (2000) (recognizing the intangible value of vindication to one's reputation).  Nor was the settlement truly a "walkaway" since it required both Wolk and Wilbanks to remove material each had posted about the other on their respective websites and they agreed not to disparage one another in the future.  This, Wolk claims, circumscribed her ability to continue to comment critically on Wilbanks.  While Green urges that the expense Wolk would have endured to pursue the underlying trial would have exceeded any award of costs Wolk might have obtained had she prevailed, it is for the jury to decide whether Wolk was sincere in her desire to seek vindication, especially since she has testified that she was in the process of selling her house to finance that litigation.

    Green is not entitled to summary judgment on Wolk's breach of contract claims.  For the reasons discussed above, it is for the jury to decide whether the contract was breached.  Wolk has introduced evidence from which a reasonable jury could conclude that Green charged her for unnecessary research and to bring improper motions for which he should not have charged.  For example, it appears that Green charged Wolk to prepare and bring motions to compel and

for a protective order that were denied as untimely.  Green offers no explanation for why he filed the untimely motions or why he billed for them.  Nothing in the record suggests that he sought an order to shorten time to bring those motions.

Green is entitled to summary adjudication on Wolk's unjust enrichment claim.  Wolk failed to establish that there is any restitution to which she would be entitled, that she would not recover if she prevailed on her tort or contract claims.[2]

Wolk's request for judicial notice of an article posted on the Los Angeles Bar Association's website and an advisory opinion from the State Bar of California's Committee on Mandatory Fee Arbitration (which clearly states it is the official position or policy of the State Bar of California) is **DENIED**.  Wolk has failed to establish the requisites set forth in Federal Rule of Evidence 201 for such notice or the relevance of the article and advisory opinion to the issues in dispute.  The court is aware generally that attorneys have been charged with excessive or padded billing but the articles in question are not evidence of whether Green did anything improper.

Defendant's request for judicial notice of the underlying appellate opinion, Wilbanks v. Wolk 121 Cal.App.4th 883, 903 (2004), is **GRANTED**.

---

[2] In preparing for trial, Wolk should consider whether it will be confusing to the jury if she presents multiple claims for relief to recover the same damages based on the same injury and the same set of facts.

5

1    For the foregoing reasons, **IT IS HEREBY ORDERED** that Green's motion for summary judgment is **DENIED** except as to the claim for unjust enrichment.

Dated:  March 25, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WOLK\SUMMARY JUDGMENT MOTIONS\ORDER DENYING IN PART DEF'S SUM JUGMT.wpd