1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  GLORIA GRENING WOLK,        )
                                )
12          Plaintiff(s),       )      No. C06-5025 BZ
                                )
13      v.                      )
                                )      **ORDER DENYING IN PART**
14  PHILIP R. GREEN,            )      **PLAINTIFF'S MOTION FOR**
                                )      **SUMMARY JUDGMENT**
15          Defendant(s).       )
    _____ )
16

17      Plaintiff Gloria Wolk seeks summary judgment on all of

18  her claims, as well as summary adjudication of several of

19  defendant Philip Green's affirmative defenses.  Her motion for

20  summary judgment is **DENIED, IN PART.**

21      As set forth in the Order Denying Defendant's Motion for

22  Summary Judgment in Part, there are significant disputes as to

23  material questions of fact that should be presented to a jury.

24  Accordingly, Wolk has failed present evidence that would

25  support granting her summary judgment on her claims for

26  relief.

27      Wolk also seeks summary adjudication of Green's

28

                                1

affirmative defenses numbers: 3, 5, 6, 7, 11, 13, 15 and 20[1].

Green has presented sufficient facts to establish that there are triable issues of material facts as to his affirmative defenses numbers 3 (comparative negligence) and 5 (failure to mitigate).  Wolk's request for summary adjudication as to those defenses is **DENIED**.

The court has serious reservations as to whether many of Green's other "affirmative defenses" actually constitute affirmative defenses.  Generally speaking, an affirmative defense is any matter not at issue under a simple denial of allegations in the complaint that will defeat a plaintiff's claim, even if the plaintiff's allegations are true.  <u>See</u> William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, 8:232 (2007).  Ordinarily, their legal sufficiency would have been tested by Wolk filing a Rule 12(b) motion to dismiss or strike the defenses but she did not file such a motion.  Instead, she has moved for summary adjudication based largely on her belief that the underlying facts do not support the affirmative defenses.  Wolk has generally provided no authority for the proposition that Green's affirmative defenses are not truly affirmative defenses and Green has generally provided no authority in support of the sufficiency of his affirmative defenses.

For example, Green's sixth affirmative defense alleges an

---

[1]  Wolk also requested summary adjudication as to Green's twenty-first affirmative defense regarding her Elder Abuse claim.  However, Green has withdrawn that affirmative defense.

absence of reliance on any representations made by Green.   In California, justifiable reliance is an element of Wolk's fraud and misrepresentation claims, on which she has the burden.   5 Witkin, Summary of Cal. Law, Torts, § 772, p. 1121 (10th ed. 2005).   As noted above, there are disputed issues of fact as to whether Wolk will prevail on her fraud and misrepresentation claims.   Since the issue of reliance will be before the jury as part of Wolk's case, her motion is **GRANTED** as to the sixth defense.

Green's seventh affirmative defense (ratification) and eleventh affirmative defense (waiver) are likewise somewhat misplaced.   The law seems clear that a client who signs a legal services contract and who signs a settlement agreement can still sue for malpractice and related claims under appropriate circumstances.   See e.g. Marshak v. Ballesteros, 72 Cal.App.4th 1514, 1518 (1999) (A plaintiff in a legal malpractice action can recover if she is able to show that she would have received a better result than the settlement to which she agreed).   However, Green also asserts that Wolk approved of other decisions that were made during the representation which she now appears to challenge.   While the evidence that these discussions were material is thin, it is often disputed.   The motion for summary judgment as to these defenses therefore will be **DENIED**.   Green is cautioned that the jury will not be instructed on these issues unless there is evidence at trial to warrant such an instruction.

Wolk's motion as to the thirteenth defense, judgmental immunity, is **DENIED**.   Judgmental immunity is recognized as a

3

defense to a legal malpractice action when the attorney's error results "from an honest error in judgment concerning a doubtful or debatable point of law." Davis v. Damrell, 119 Cal.App.3d 883, 887 (1981).  There are sufficient disputed issues as to how well established the law was in certain areas, such as the single publication rule as it pertained to internet publications, and whether the research Green performed was reasonable, for this issue to proceed to trial. See Smith v. Lewis, 13 Cal.3d 349 (1975) *disapprove on other grounds in* In re Marriage of Brown, 15 Cal.3d 838, 851, fn. 14 (1976); Village Nurseries L.P. v. Greenbaum, 101 Cal.App.4th 26, 36-37.

Green's affirmative defenses numbers fifteen and twenty are unintelligible to the court.  Green has cited no authority for the proposition that either of these defenses have a basis in law.  Wolk's motion is **GRANTED** as to these defenses subject to Green's right to revive them upon making an appropriate showing that they are recognized as affirmative defenses and are supported by facts adduced at trial.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Wolk's motion for summary judgment on her claims for relief is **DENIED**.  Wolk's request for summary adjudication is **DENIED** as to Green's affirmative defenses numbers: 3 (comparative negligence); 5 (failure to mitigate); 7 (ratification); 11 (waiver) and 13 (judgmental immunity), and **GRANTED** as to

///

///

///

4

1   Green's sixth, fifteenth and twentieth affirmative defenses.

2   Dated: March 26, 2008

3

4   _____
                    Bernard Zimmerman
5           United States Magistrate Judge

6

7   G:\BZALL\-BZCASES\WOLK\SUMMARY JUDGMENT MOTIONS\ORDER DENYING WOLK'S SUM
    JUGMT.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28